[S. F. No. 2102.   Department One.—May 24, 1902.]

## MARIE QUARG and EMIL QUARG, Appellants, v. JOHN SCHER, Respondent.

VENDOR AND PURCHASER—CONTRACT OF SALE—DEFICIENCY IN QUANTITY —RESCISSION—SPECIFIC PERFORMANCE—TENDER — LACHES.—Where a tract of land was purchased at the price of two thousand dollars, at the rate of fifty dollars per acre, and the tract was fraudulently represented by the vendors to contain forty acres, and was subsequently by a survey of the land ascertained to contain but twenty-three and a half acres, and the evidence shows that the purchaser

had strictly complied with the contract up to the time of the discovery of the deficiency in acreage,. and that his subsequent offers of rescission and tender of payment and demand for deed were made within eight months after the survey, and a few days after the first unpaid installment fell due,—there is no laches of which the vendors can be heard to complain which would prevent a rescission or a specific performance of the contract, so far as it can be enforced by the purchaser.

ID.—EJECTMENT—CROSS-COMPLAINT—LACHES—PLEADING—APPEAL FROM NEW TRIAL ORDER.—Where the vendors brought an action of ejectment against the purchaser, who set up his claim for rescission or specific performance in a cross-complaint, and no defense of laches was set up in answer to the cross-complaint or urged upon the trial of the case, and an appeal was taken by the plaintiffs only from an order denying a new trial, no question of laches on the facts stated in the cross-complaint will be reviewed upon such appeal.

ID.—REPRESENTATION AS TO QUANTITY OF LAND—RIGHTS OF PURCHASER— ESTOPPEL OF VENDORS.—The acreage of land cannot be seen with the eye, and can only be ascertained with accuracy by a survey; and the purchaser had a right to rely on the representation of the vendors as to the quantity of the land sold, and was not bound in such case by the rule of *caveat emptor.* The vendors will not thereafter be heard to say in a court of equity that the purchaser had no right to believe their statements.

ID.—SUPPORT OF FINDING AS TO MISREPRESENTATION.—Where the contract of sale described the land as ''containing about forty acres, more or less,'' and both of the plaintiffs testified that they believed the tract contained no more than about twenty-five acres, although the plaintiffs denied any representation as to the number of acres, and a finding that it contained only twenty-three and a half · acres was supported by evidence without conflict, and the testimony for the defendant showed a representation by one of the plaintiffs, in the presence of the other, that there was more than forty acres in the tract, a finding in accordance with the defendant's· testimony must be treated as true.

ID.—OWNERSHIP OF LAND BY WIFE—FRAUDULENT REPRESENTATION OF HUSBAND.—The plaintiff wife, who was the owner of the land sold, must, for the purposes of this case, be held responsible for the false and fraudulent representation of her husband, who acted as her agent in the sale, signed the contract with her as a party thereto, and is a plaintiff in the action. The wife cannot have the benefit of the contract freed from the fraud which induced the defendant to accept the contract, and to pay out his money on the faith of the representation made.

ID.—ELECTION OF PURCHASER—VENDORS NOT ENTITLED TO CHOICE.—On account of the fraudulent representations made, the defendant, as purchaser, had an election between an entire rescission of the contract and an enforcement thereof, so far as it can be enforced. This

election was to the purchaser alone; and the plaintiffs, as vendors, will not be permitted any choice in the premises, and must submit to an enforcement of the contract at the agreed rate per acre.

ID.—PARTIAL ENFORCEMENT OF CONTRACT—REFORMATION.—The enforcement of the contract, so far as it can be enforced for the twenty-three and a half acres at the agreed rate per acre, is not a "reformation" of the contract for forty acres, but is an enforcement of the specific performance of the contract according to the true intention of the parties to it.

ID.—ERRONEOUS DEDUCTION OF TAXES PAID.—It was error for the court in rendering judgment for the defendant upon his cross-complaint, to give him credit for the sum of one hundred and forty dollars paid as taxes on the land, where there is no claim in the cross-complaint or elsewhere in the pleadings that the defendant was entitled to any credit on account of taxes paid, and the defendant at the trial testified that he had paid altogether ninety-four dollars as taxes on the land.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial. W. G. Lorigan, Judge.

The facts are stated in the opinion.

Leon Samuels, and Owen D. Richardson, for Appellants.

W. C. Kennedy, for Respondent.

GRAY, C.—The plaintiffs in October, 1890, entered into a written agreement to sell defendant a tract of land for two thousand dollars. In the contract the land was described by metes and bounds and as "containing about forty acres, more or less." Defendant made the first payment, five hundred dollars, on the purchase price and several annual payments of fifty dollars each and interest on the balance of the agreed purchase price for several years. Soon after these payments and in the latter part of 1893 or first part of 1894, the defendant having been in possession of the land for some time, and having cleared some four or five acres of it, and made other improvements, began to suspect that the tract did not contain forty acres, and in March, 1894, procured the county surveyor to survey the same, and on such survey it was ascertained that there was but twenty-three and a half acres in the tract. The defendant thereafter, as the evidence shows, on two occasions, in October and December, 1894,

tendered the plaintiffs more than the balance then due to them for the land, estimating it at fifty dollars per acre for twenty-three and a half acres, together with interest, and demanded a deed, and also offered to rescind the contract and restore the land to plaintiffs on being reimbursed for what money he had paid for the land and had laid out in the way of improvements. The owner of the land, Mrs. Quarg, refused to accept either of these alternatives, but demanded that the contract be carried out according to the terms of the written agreement. And soon thereafter this action was commenced by plaintiffs to eject defendant from the land. The defendant answered and filed a cross-complaint, in which he set out the facts as hereinabove stated, alleged that plaintiffs fraudulently represented to him that the tract contained forty acres, and prayed that the contract be rescinded or that the purchase price of two thousand dollars be reduced to the extent of $825; and defendant also prayed for general relief. On a trial of the case without a jury the court found in favor of defendant on the allegations of his cross-complaint, and that he was entitled to a specific enforcement of the contract on completing the payment for twenty-three and a half acres of land at fifty dollars per acre and interest on deferred payments, defendant to be credited with one hundred and forty dollars for taxes paid as well as the payments already made by him on account of principal and interest under the contract, which amounts so paid were found to be $825, besides the one hundred and forty dollars taxes. A decree was entered in defendant's favor for a specific performance of the contract in accordance with the findings. Plaintiffs appeal from an order denying them a new trial.

1. Appellants' first contention is, that the evidence discloses laches on the part of defendant in his offer to rescind, as well as in his other objection and offer based on his discovery as to a deficiency in the quantity of land.

It appears from the evidence that defendant had strictly complied with his contract in the matter of payments of yearly installments and interest up to the time of the discovery of a deficiency in the acreage; and that his subsequent offers of rescission and tender of payment and demand for deed were made within eight months after the survey was made, and about the time or within a very few days after the

first unpaid installment of principal and interest fell due. We think on the facts hereinabove presented there is no laches shown on the part of defendant of which the plaintiffs can be heard to complain, even if the question of laches were properly presented. But we find on examination of the answer to the cross-complaint that no defense of laches is therein set up; nor can we find that any such defense was urged or made upon the trial of the case; and while it may be that the question of laches was presented on the demurrer to the cross-complaint, yet there being no appeal before us from the judgment, we fail to see how we can review questions that could have been presented only on this demurrer, as it is not usual to review a demurrer to a pleading on an appeal taken solely from an order denying a new trial.

2. It is next insisted that the defendant saw the land and inspected it before making the contract, and having every opportunity to learn of the quantity of the land, he had no right to take the word of plaintiffs on the question of quantity; in other words, that the rule of *caveat emptor* applies to the case. This contention is not well founded; the defendant had a right to rely on plaintiffs' representation as to the quantity of land. The acreage of land is a thing that cannot be seen with the eye at a glance, but can only be ascertained with accuracy by scientific measurement, and when a vendor states to a vendee the amount of land in the tract which is the subject of the sale, such vendor will not thereafter be heard to say in a court of equity, the vendee had no right to believe him. (*Pringle* v. *Samuel*, 1 Litt. (Ky.) 43.[1])

3. It is also contended that the court erred in failing to find upon what terms plaintiffs would be entitled to the possession of the land.

It affirmatively appears from the testimony of both the plaintiffs that they both believed that the tract contained no more than about twenty-five acres. They both deny that they represented to defendant that it contained any number of acres; but the defendant testifies that Emil Quarg on two different occasions, one occasion being in the presence of his wife, the owner of the land, said to defendant that there were more than forty acres in the tract. The finding on the question being in accord with it, defendant's testimony must

---

[1] 13 Am. Dec. 214.

be treated as true.    There can be no question but that the owner of the land, Mrs. Quarg, for the purposes of this case, is to be held responsible for the false and fraudulent representation of her husband, who acted as her agent in the matter of the sale, signed the contract with her as a party thereto, and is one of the plaintiffs in this action.    Of course, Mrs. Quarg cannot have the benefit of the contract freed from the fraud which induced defendant to accept it and pay out his money on the faith of it.    On account of these fraudulent representations found by the court to have been made, defendant had the right to rescind the contract as he offered to do. And it is equally clear that he had the right to enforce specific performance of the contract, and that in enforcing it a court of equity, finding itself unable to enforce the conveyance of all the land appellants agreed to convey, will enforce it so far as possible and compel the conveyance of what land there is in the tract on payment therefor at the rate agreed upon between the parties, which, as the court found on the testimony of defendant, was fifty dollars per acre.    This matter of choice between an entire rescission and an enforcement, so far as it can be enforced, is to the defendant alone; the plaintiffs will not be permitted any choice in the premises, and must submit to an enforcement of the contract at the agreed rate per acre.    (*Couse* v. *Boyles,* (3 Green's Ch.) 4 N. J. Eq. 212;[1] *Paine* v. *Upton,* 87 N. Y. 327.[2])    This is not a "reformation" of the contract, but an enforcement of specific performance of it according to the true intention of the parties to it.

4. There was no conflict in the evidence tending to show that the actual quantity of the land was not in excess of twenty-three and a half acres, and the finding to that effect was therefore correct, and finds ample support in the evidence.

5. Notwithstanding we think this case was, as to the main features of it, tried and decided upon correct principles of law and equity, yet it appears that the order appealed from must be reversed and the case sent back for a new trial for the following reasons:  There is no claim in the cross-complaint or elsewhere in the pleadings that defendant is entitled to any credit as payment on the land or otherwise on account

---

[1] 38 Am. Dec. 514.                [2] 41 Am. Rep. 371.

of any payment of taxes. · The defendant, however, testified · at the trial that he had paid altogether ninety-four dollars as taxes on the land, and yet the court, in its findings and decree, gives him credit for one hundred and forty dollars paid as taxes, and deducts this amount from the balances that defendant is directed to pay so as to entitle him to a deed. Certainly in the present condition of the pleadings and evidence this was error for which a new trial should be had. It is also contended by appellant that defendant is given credit in the findings and decree for a fourth year's interest, when the evidence shows that only three years' interest was paid by him. We need not decide that matter here, for if any error of the character claimed was made it will probably be corrected upon a new trial.

There is nothing in the case of *Commissioners etc.* v. *Younger,* 29 Cal. 172,[1] out of harmony with the principles upon which the present case was tried and determined in the court below; for, as will be seen by an examination of that case, the contract there sought to be rescinded had been fully executed, a deed of the premises having passed from the vendor to the vendee, while here the contract sought to be enforced was of an executory character. There are other broad distinctions between the two cases not necessary to be here enumerated. It is deemed sufficient here to say that the decision herein is in no way in conflict with the principles declared in *Commissioners etc.* v. *Younger.*

We discover no other errors; but on account of the error pointed out we advise that the order be reversed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          Harrison, J., Garoutte, J., Van Dyke, J.

---

[1] 87 Am. Dec. 164.