[Civ. No. 906.   First Appellate District.—March 27, 1912.]

## AGNES FOX and JOHN L. FOX, Her Husband, Appellants, v. P. A. ROBINSON, Respondent.

VENDOR AND PURCHASER — CONTRACT TO SELL LAND—DESCRIPTION— IDENTITY—WARRANTY OF DISTANCE BETWEEN BOUNDARIES—QUANTITY OF LAND.—Where a contract to sell land correctly describes its boundaries, a warranty of the distance between two designated boundaries does not vary or change the identity of the description of the land agreed to be sold. It is only a warranty as to the quantity of the land contained within the description.

ID.—RESCISSION OF EXECUTORY CONTRACT BY VENDEE—FRAUD—BREACH OF WARRANTY—PLEADING.—A vendee may be entitled to rescind an executory contract for the purchase of land, and to a return of the money paid thereon, when such contract was procured by false and fraudulent representations as, to the quantity of the land contained within the parcel described, and also when there has been a breach of warranty as to such quantity. But, in such case, the fraudulent representations or the warranty and breach thereof as to quantity must be pleaded.

ID.—COMPLAINT FOR RESCISSION OF CONTRACT BASED ON FAILURE OF TITLE—CLEAR TITLE—VARIANCE—BREACH OF WARRANTY—PROPER JUDGMENT OF NONSUIT.—Where the complaint for rescission of the contract of sale and to recover the purchase money paid thereon correctly describes the land set forth in the contract, and is solely based upon the alleged failure of a clear title thereto in the defendant, but the record shows that the defendant had a clear title to the land described, and shows only a breach of warranty as to the quantity of the land described, as a ground for rescission, it presents a clear case of variance between the complaint and proof, and the court properly granted a judgment of nonsuit.

ID.—AVERMENT OF TENDER AND DEMAND FOR DEED—EVIDENCE—NONCOMPLIANCE WITH LAW—BAD FAITH.—Though the complaint for rescission alleged that plaintiff tendered the balance of the purchase money, and demanded a good and sufficient deed from defendant within ten days, yet where the evidence shows a noncompliance with section 1489 of the Civil Code as to tenders and offers of performance, but merely shows that, without any attempt to find the defendant personally, it was made at his residence during his absence, and also shows that the tender and demand were made in bad faith, with intent to reject any deed complying with the contract, and not conforming to the warranty, and that he subsequently rejected an offer of defendant to reduce the price because of deficiency in quantity, the judgment rendered was clearly warranted.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Samuel M. Samter, and W. C. Sharpstein, for Appellants.

Robert Edgar, and Oliver Youngs, Jr., for Respondent.

HALL, J.—This is an appeal from a judgment of nonsuit rendered upon motion of the defendant at the close of the testimony introduced upon behalf of plaintiff.

The only question presented by the appeal is as to whether or not the court erred in granting the nonsuit.

Defendant and plaintiff Agnes Fox entered into a written contract on the twenty-fifth day of September, 1907, in which defendant agreed to sell to said plaintiff, and said plaintiff agreed to buy from defendant a certain piece of land situate in the town of Berkeley, and particularly described in the agreement as set forth in the complaint as follows, to wit: "Commencing at a point on the southerly line of Bancroft Way, distant thereon easterly two hundred (200) feet from the intersection thereof with the easterly line of West street, running thence southerly and parallel with said line of West street fifty (50) feet, more or less, but not less than forty-nine feet, to the center of that strip of land formerly known as South street, thence easterly along the center line, of South street fifty-six (56) feet, thence northerly and parallel with said line of West street fifty (50) feet, more or less, but not less than forty-nine (49) feet to the southerly line of Bancroft way; and thence westerly along said line of Bancroft way fifty-six (56) feet to the point of beginning."

The price to be paid was the sum of $2,200, of which $200 was paid at the execution of the agreement; and the balance ($2,000) was to be paid "in monthly installments of ten ($10) dollars or more on the principal, with interest on balance remaining unpaid each month at the rate of six (6) per cent per annum, but at the end of each year there must be at least $180 paid on the principal. And more can be paid if he so desires."

Plaintiff went into possession of the premises, or, as she claims, a part of the premises, and so continued until after September, 1909, when she delivered possession of the premises to defendant, and brought this action to obtain a judgment for the sum of $962.50, being $750 paid on the purchase price, and $212.50 expended on the property, and that said agreement be canceled.

Evidence was introduced tending to show that at the time the agreement of sale was executed the boundaries of Bancroft way were not marked upon the ground, that it was in appearance simply a country road. Subsequently it was graded and macadamized. Plaintiff procured the city surveyor of Berkeley to make a survey of the lot in question, who gave testimony at the trial, which it may be conceded for the purposes of this opinion established, or at least tended to establish, the fact that the distance from the southerly line of Bancroft way along the easterly boundary of the lot described in the agreement to the center of the strip of land formerly known as South street was but 47.63 feet, and the distance between said southerly line of Bancroft way, along the westerly boundary of said lot, to the center line of said strip of land formerly known as South street was but 48.17 feet. It was and is the theory of appellant that the facts thus shown established a failure of a clear title to the land described in the agreement, which entitles her to recover the money paid under the agreement, and to a judgment canceling said contract. She accordingly alleged in her complaint "That said defendant is unable to execute and deliver to said Agnes Fox a good and sufficient deed conveying the land in said exhibit 'A' described free and clear of all encumbrances."

We think the theory of appellant is founded upon a misconception as to the correct construction of the agreement, and the effect of the words therein contained "but not less than forty-nine (49) feet." The land in the agreement as pleaded in the complaint is described as bounded on the north by the southerly line of Bancroft way, and on the south by the center line of a strip of land formerly known as South street. Those lines, so far as the description of the land agreed to be sold is concerned, are controlling over the words indicating the distance between those lines. The words "but not less than forty-nine (49) feet" following the words "fifty

(50) feet more or less," were intended to have, and did in fact have, the effect of a warranty that the distance between those lines was not less than forty-nine feet.

It is clear from the language of the agreement as pleaded that plaintiff only intended to buy and defendant only intended to sell a piece of land bounded on the north by the southerly line of Bancroft way, and on the south by the center line of the strip of land formerly known as South street. The defendant in the agreement did warrant that the distance between those two designated boundaries was at least forty-nine feet, but this warranty did not vary or change the identity or description of the land agreed to be sold. It was but a warranty as to the quantity of land contained within the description.

It is correctly stated in appellant's brief that "the insertion of the words 'but not less than 49 feet' was a warranty that the east and west sides were at least forty-nine feet in length." Plaintiff's complaint, however, was not framed upon the theory of a breach of warranty as to the distance between the given boundaries, but upon the theory of a failure of a clear title to the land described in the agreement.

It is not doubted that a vendee may be entitled to a rescission of an executory contract, and to a return of money paid thereon, when such contract was procured by false and fraudulent representations as to the quantity of land contained within the parcel described, and also where there has been a breach of warranty as to such quantity. (*Eichelberger* v. *Mills Land etc. Co.*, 9 Cal. App. 628, [100 Pac. 117]; *Quay* v. *Scher*, 136 Cal. 406, [69 Pac. 96]; Civ. Code, sec. 1786; *Brooks* v. *Riding*, 46 Ind. 15; *Stevens* v. *Giddings*, 45 Conn. 507; *Davis* v. *Nugam*, 72 Wis. 439, [1 L. R. A. 774, 40 N. W. 497]; *Moore* v. *Harmon*, 142 Ind. 555, [41 N. E. 599].) But in such case the fraudulent representations or warranty and breach as to quantity must be pleaded. Such was the rule followed in each of the cases last above cited.

Proof either of false representations as to the quantity of land contained in the parcel described, or of a breach of a warranty as to the quantity, will not sustain a claim of failure in title to the land described.

In the case at bar the boundary lines of the land contracted to be sold were correctly described. Only the land within

those lines was intended to be sold.   Defendant had a clear
title to all the land within those boundary lines, and could
give a clear title thereto.   The record simply shows a breach
of a warranty as to the quantity of land described in the
agreement, and not a failure of title to any portion of the land
described and agreed to be sold.   It presents a clear case of
a variance between the allegations of the complaint and the
proof.   For this reason the court did not err in granting the
judgment of nonsuit.   (*Baily* v. *Brown,* 4 Cal. App. 515, [88
Pac. 518] ; *Tomlinson* v. *Monroe,* 41 Cal. 95; *Elmore* v. *El-
more,* 114 Cal. 516, [46 Pac. 458].)

In holding that for the reasons above set forth the court
did not err in granting the nonsuit, we have not overlooked
the allegation in the complaint to the effect that plaintiff made
a tender of the balance of the money unpaid, and demanded
of the defendant that he execute and deliver to plaintiff within
ten days after the first day of September, 1909, a good and
sufficient deed conveying to said plaintiff the parcel of land
in said exhibit ''A'' described.

The evidence as to this so-called tender does not show a com-
pliance with the provisions of the statute relating to tenders
or offers of performance.

Appellant went to the residence of defendant in his absence
and made the tender to his wife, and left a written notice for
defendant.   No attempt was made to show that defendant
could not have been easily found.   Appellant simply went to
his residence upon one occasion, ascertained that he was not
then at home, and proceeded to make the alleged tender.   This
was not a compliance with the law.   (Civ. Code, sec. 1489.)

Furthermore, it is perfectly clear from the entire record
that this so-called tender was not made in good faith, that
appellant was not willing to perform, that is to say, if defend-
ant had been present and had offered her his deed of the land,
describing it as in the agreement it is described, she would
not have accepted the deed or paid the money.

An offer of performance must be made in good faith (Civ.
Code, 1493) ; and is of no effect unless the person offering to
perform is willing to perform according to the offer.   (Civ.
Code, sec. 1495.)

The real purpose and intent was to reject any deed because
the lot was not forty-nine feet in depth.   It may be noted that

defendant, because of this deficiency in the quantity of the land, offered to abate $100 from the price. This offer appellant refused.

The judgment must be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.