[L. A. No. 4733. Department One.—February 13, 1919.]

ALICE E. THOMAS et al., Respondents, v. LOUISE R. HACKER et al., Appellants.

FRAUD—PROOF OF PART OF MISREPRESENTATIONS—SUFFICIENCY OF.—In an action to recover property transferred, and to cancel a note given, in a transaction alleged to have been induced by fraudulent representations, the failure of plaintiffs to establish that the defendants had made every false statement charged does not affect their right to relief on the ground of the material representations which were made.

ID.—RESCISSION—MATERIAL MISREPRESENTATIONS—FINDINGS OF FACT—APPEAL.—In an action for the rescission of an alleged fraudulent sale of a business consisting of placing registers in certain hotels and receiving the profits from the sale of advertising space therein, findings of the trial court, based upon sufficient evidence, that defendants knowingly and falsely represented to plaintiffs that the business in the territory covered had for some years netted them over a certain sum per annum in profits, that they had received and refused two separate offers to sell the privilege for which plaintiffs were negotiating for a certain sum, and that the mere replacing of the registers in the hotels in which they already were in use would bring a certain profit, which representations plaintiffs believed and relied upon, involve material matters of

fact, rather than opinion, for the trial court to pass upon, and cannot be reviewed on appeal.

Appeal—Rulings on Evidence—Insufficient Presentation.—Rulings on the admission and rejection of evidence claimed to have been erroneous will not be considered on appeal where the assignments are unsupported by argument or citation of authority, appellants contenting themselves with stating, in effect, that each of the rulings was erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sidney J. Parsons, for Appellants.

F. A. Knight, for Respondents.

SLOSS, J.—The plaintiffs are husband and wife, as are the defendants. The defendant C. H. Hacker had been engaged in the business of placing registers in hotels. These registers were furnished to hotels without charge, the profit lying in the sale of advertising space. Hacker had the exclusive right to place the registers of the "National Hotel Register Company" in several states, including Oregon, Washington, Idaho, and Montana. In July, 1914, the parties entered into a written agreement for the sale by the Hackers to the plaintiffs of such right in the four states last named. The purchase price was fixed at seven thousand five hundred dollars, payable by transfer of five parcels of land owned by Mrs. Thomas, and valued at an aggregate of $6,665, the balance of $835 to be evidenced by a promissory note. The agreement, which bore date of July 24, 1914, was signed at Long Beach, in Los Angeles County. Coincidentally with its execution the plaintiffs delivered to the defendants deeds conveying the real estate described in the contract to the defendant Louise R. Hacker. They also, at the same time, gave the defendants their promissory note for $835, and a bill of sale of certain furniture, found by the court to be worth four hundred dollars. Shortly thereafter the plaintiffs left California, and undertook to carry on the business transferred to them. They continued their efforts with small success for several months, and finally, in February, 1915, notified the defendants that they rescinded their con-

tract on the ground of fraudulent representations alleged to have been made to them, tendering back to the defendants everything of value which they had received, and demanding a return of the property, real and personal, which they had transferred to the defendants, as well as a cancellation of the promissory note. Shortly thereafter, this action was commenced to enforce the terms of the demand, which had been refused. Judgment went in favor of the plaintiffs, and the defendants appeal.

The complaint sets out that the defendants had, in order to induce the plaintiffs to enter into the contract, made a number of false and fraudulent representations to them, that the plaintiffs had believed these representations, and had entered into the contract in reliance upon them. It also contained a statement of all other facts necessary to make a case entitling them to the relief of rescission upon the ground of fraud. The law on the subject is too well settled to require statement or the citation of authority. Indeed, the parties to this appeal do not differ in their contentions in this regard. The court found in favor of a number, but not all, of the averments of false representation. The failure of plaintiffs to establish that the defendants had made every false statement charged does not, of course, affect their right to relief on the ground of the material representations which were made. (*Davis* v. *Butler,* 154 Cal. 623, [98 Pac. 1047].)

The only substantial point made by the appellants is that the evidence does not sustain the findings in favor of the plaintiffs' accusations. In view of the familiar limitations on the right of an appellate court to review findings made on conflicting evidence, this contention deserves little notice. The misrepresentations charged related, in a number of particulars, to matters of fact, rather than of opinion, and to matters which were clearly material to the subject of the proposed contract. For example, it was charged that the defendants had told the plaintiffs that the business in the four northwestern states had for some years netted them over five thousand dollars per annum in profits; that the defendants had received and refused two separate offers to sell the privilege for which the plaintiffs were negotiating, for ten thousand dollars; that the mere replacing of the registers in the hotels in which they already were in use would bring a profit of over five thousand dollars a year. The testimony of the plaintiffs was ample to

support the finding that all of these representations were made, that each was false, that the defendants knew it to be false, that the plaintiffs believed it, and purchased in reliance upon it. Any contention to the contrary involves an argument on the respective credibility as witnesses of the plaintiffs and the defendants, an argument that must be addressed to the trial court, and finally disposed of by that court.

Certain rulings on the admission and rejection of evidence are claimed to have been erroneous. But these assignments are unsupported by argument or citation of authority, the appellants contenting themselves with stating, in effect, that each of the rulings was wrong. Questions so presented can receive no consideration here. We have, however, examined all of the rulings complained of, and find that no prejudicial error was committed in any instance.

On the whole case the appeal appears to be without merit. The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.