[L. A. No. 4926.   Department Two.—May 6, 1919.]

EMMA G. BAKER, Appellant, v. SMITH–BOOTH–USHER COMPANY (a Corporation), Respondent.

[1] SALE OF PUMP—FAILURE TO PERFORM WORK—EXCESSIVE QUANTITIES OF SAND IN WATER — FINDING SUPPORTED BY EVIDENCE.—In this action to recover the money paid on account of the purchase price of a pump installed by the defendant in a well dug by the plaintiff, on the ground of breach of warranties, it is held the finding that the failure of the pump was due to the presence of large and extensive quantities of sand, gravel, clay and substances other than clear water given up by the well, which it was expressly agreed in the written contract for the purchase and installation of the pump the seller should not be held liable for, is supported by the evidence.

[2] APPEAL—REVIEW OF ERRORS OF LAW—SPECIFICATION IN BRIEF.—Alleged errors of law in rulings upon the introduction of testimony will not be reviewed on appeal, where not specifically argued in the brief, since the burden is upon the appellant to show prejudicial error.         .

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lewis R. Works, Judge.   Affirmed.

The facts are stated in the opinion of the court.

E. B. Coil  for Appellant.

Hiatt & Selby and Edward M. Selby  for Respondent.

WILBUR, J.—Plaintiff purchased a pump from the defendant for $2,865, and paid five hundred dollars on account of the purchase price.  The pump was installed by the defendant in a well dug by the plaintiff.  Plaintiff claims that the pump failed to comply with both express and implied warranties, and brought this suit to recover from the defendant the amount of five hundred dollars theretofore paid by her on account of the purchase price, and seven hundred dollars expended by her in connection with the installation of the pump.  The defendant after denying the breach of warranty and by way of cross-complaint sought to recover the balance of the purchase price of the pump.  Judgment was rendered for the defendant for the balance of the purchase

price and certain additional sums expended by the defendant in connection with the erection of the pump, and plaintiff was denied all relief. Plaintiff appeals from the judgment.

The main question in the case is whether the pump failed because of imperfections in the well and in the water supply or in the pump. It was expressly agreed in the written contract for the purchase and installation of the pump that the respondent should not "be held liable for damage or any trouble caused by reason of well not being straight, caving in, giving up sand, gravel, chips, or any substance other than clear water, or should the purchaser fail to develop from the well or wells the quantity of water required by the above specified plant within suction distance from the location of the pump." The trial court found as a fact that the well furnished by the plaintiff "did not give or furnish any supply of clear water whatever; that said well furnished by plaintiff did supply and give up large and excessive quantities of sand, gravel, clay and substances other than clear water; that all damage to said machinery and trouble with or in the operation of said machinery was due to the large and extensive quantities of sand, gravel, clay and substances other than clear water furnished and given up by said well. . . . That said defendant did replace all parts of said machinery claimed by said plaintiff to be defective and which were returned to defendant; that it is not true that any trouble in the operation of said plant was due to any fault in said machinery." Appellant apparently contends that there was no substantial evidence to support this finding. There was a great deal of testimony as to the amount of sand in the water, and one of the respondent's witnesses testified that while the load which the pump was designed to carry was 8,924 pounds, the actual load imposed upon it because of the presence of sand in large quantities in the water was 24,669 pounds. **[1]** There was ample evidence to support this finding. There was also a finding that part of the trouble resulted from the fact that the well furnished by the plaintiff was not straight. This is supported by evidence that the couplings of the pump-rod were worn almost through on one side and that a light lowered into the well disappeared after passing a point about seventy feet from the surface. It is claimed, however, that by reason of the fact that the respondent tested the well for straightness by lowering the three joints of pipe into said well

before the machinery and pump was installed, that respondent waived the requirement that the well should be straight. Even if this be true, in view of the evidence and the finding of the court upon the issue concerning sand in the well, and the finding that the difficulty with the pump arose from such facts, such waiver would be without avail to the appellant.

Appellant stated in her brief: ''We feel that the several rulings of the court assigned as errors at law complained of, commencing with folio 930, are clearly erroneous, in view of the testimony offered in connection therewith. But as these objections are numerous and cannot well be specifically pointed out without repeating at too great length the testimony of the several witnesses, which, as we have said before, must necessarily be carefully read, we have refrained from further discussion, but insist upon the consideration of same. Particular attention is directed to errors of the court in sustaining objections to questions asked of plaintiff's witness W. H. Robinson, who qualified as an expert.'' These specifications relate to rulings of the court upon the introduction of testimony. [2] In the absence of more specific argument in the brief we are not called upon to pass upon the appellant's contention. The burden is upon appellant to show prejudicial error. (*Kyle* v. *Craig*, 125 Cal. 107, [57 Pac. 791] ; *Gavin* v. *Gavin*, 92 Cal. 292, [28 Pac. 567] ; *Thomas* v. *Hacker*, 179 Cal. 731, [178 Pac. 855].)

The judgment is affirmed.

Melvin, J., and Lennon, J., concurred.