[Civ. No. 5172. First Appellate District, Division Two.—June 3, 1925.]

ELVIRA KANE et al., Respondents, v. J. W. OTT et al., Appellants.

[1] RESCISSION — SUFFICIENCY OF MISREPRESENTATIONS — PRODUCTIVE QUALITY OF SOIL—QUANTITY OF LAND.—In an action for the rescission of a contract by which plaintiffs purchased certain lands from defendants, a judgment in favor of the plaintiffs may rest upon any one material representation which is false; and a misrepresentation as to the productive quality of the soil, if it furnished an inducement to the vendees to enter into the contract made by them, or a misrepresentation as to the quantity of land, is sufficient to warrant a rescission.

[2] ID.—VALUE OF LAND—RIGHT TO RESCIND.—It is not essential to the right to rescind a contract for the purchase of real property that the purchaser should be able to show that the property purchased was worth less than he paid for it, it being sufficient to show that he was induced by false representations to buy property which, if the representations had been true, would have been worth more than it actually was worth.

1. See 25 Cal. Jur. 719.
2. See 25 Cal. Jur. 563; 27 R. C. L. 382.

[3] ID.— VALUE OF USE AND OCCUPATION — PRICE PAID — AMOUNT EXPENDED IN CULTIVATION — FINDINGS—JUDGMENT—APPEAL.—On appeal from a judgment in favor of the plaintiffs in an action for the rescission of a contract for the purchase by plaintiffs from defendants of certain real property, where there is no finding as to the value of the use and occupation of the land during the time plaintiffs had possession of it, and there is a discrepancy between the findings and the judgment, in that the judgment is for a sum greatly in excess of the aggregate of the amount paid by plaintiff on the purchase price of the land and the amount expended in its cultivation, the appellate court might correct the judgment to make it conform to the findings, but it is powerless to make a finding of fact as to the value of the use and occupation of the land.

[4] ID.—RIGHT TO INTEREST—FINDINGS.—In such an action, the plaintiffs are entitled to recover interest upon the amount paid by them under the contract of purchase, and this amount should enter into the calculations to be set forth in the findings.

(1) 39 Cyc., p. 1259, n. 20, p. 1267, n. 60, p. 1268, n. 66.   (2) 39 Cyc., p. 1255, n. 5 New.   (3) 4 C. J., p. 1123, n. 46; 39 Cyc., p. 1438, n. 52.   (4) 39 Cyc., p. 2070, n. 17.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

J. Stewart Ross and R. B. Whitelaw for Appellants.

Hickcox, Crenshaw & Trude for Respondents.

LANGDON, P. J.—This is an appeal by the defendants from a judgment against them in an action in which plaintiffs asked for a rescission of a contract by which they purchased certain land in the Imperial Valley from the defendants. Plaintiffs alleged that the contract had been induced by false and fraudulent representations, which allegations were denied by the defendants. In response to evidence offered by the plaintiffs, the court found that the parties had entered into the contract for the purchase and sale of the land in question and that the plaintiffs

3.  See 2 Cal. Jur. 985.
4.  See 25 Cal. Jur. 564.

had paid $1,000 upon the purchase price thereof and given their promissory note for $6,000, the balance of the purchase price, secured by first mortgage upon the property; that plaintiffs performed all the terms of their contract; that plaintiff Elvira Kane, who negotiated the purchase for the plaintiffs, had come to the county of Imperial and the state of California only shortly before entering into said contract; that she was entirely unfamiliar with conditions and land in said county and state and knew nothing of business transactions, nor of farming; that she made the purchase without the aid and advice of her husband, the other plaintiff in the action, who was ill and living in Arizona; that at the time of the purchase of said land by Elvira Kane, she informed defendant J. W. Ott that she was purchasing said land for the purpose of raising alfalfa and as good land for that purpose; that the defendant J. W. Ott is a business man with many years of experience in farming, who was familiar with land and soil in Imperial County and especially with the land involved here; that said land was poor land, heavily impregnated with alkali and unsuited for growing alfalfa; that said land was not leveled nor bordered and that it was necessary to do such work before planting; that such leveling and bordering would cost about $1,000; that the area of said land was not more than twenty-six acres; that said defendant at the time of the purchase, falsely and fraudulently represented to plaintiff Elvira Kane, with intent to deceive her by said representations, and with knowledge of their falsity and to induce her to make the contract for the purchase of the land, that the tract of land in question contained more than twenty-nine acres and was suitable for growing alfalfa and would produce abundant crops of alfalfa; that said land was free from alkali; that all of said land was ready for planting, except that it had to be bordered, which would cost about $100.

As we have stated, these findings are supported by the record. Also, the trial judge viewed the premises before making his findings with reference to the condition of the land. [1] Appellants contend that some of the representations therein set forth are mere matters of opinion and do not permit of a rescission of the contract. We shall

not take time to discuss each representation separately. It has been held that a judgment such as this may rest upon any one material representation which is false. (*Davis* v. *Butler,* 154 Cal. 623 [98 Pac. 1047] ; *Thomas* v. *Hacker,* 179 Cal. 731 [178 Pac. 855].) In *Scott* v. *Delta Land etc. Co.,* 57 Cal. App. 320 [207 Pac. 389] , the court, after citing the foregoing authorities, holds that representations as to the productive quality of the soil, if they furnished an inducement to the vendees to enter into the contract made by them, would afford ground upon which to base a rescission when their falsity was established. It has been held that a misrepresentation as to the quantity of land is sufficient to warrant a rescission. (*Fox* v. *Robinson,* 18 Cal. App. 585 [123 Pac. 813] ; *Quarg* v. *Scher,* 136 Cal. 406 [69 Pac. 96].)

[2] Appellants assert that no damages were shown. There was testimony that plaintiffs received about three acres of land less than the acreage represented by defendants; that if a portion of a tract of this size was impregnated with alkali, it would reduce the sale value of the land fifty or sixty dollars an acre. It is not essential to the right to rescind a contract for the purchase of property that the purchaser should be able to show that the property purchased was worth less than he paid for it. It is enough that he was induced by false representations to buy property which, if the representations had been true, would have been worth more than it actually was worth. (*Davis* v. *Butler, supra.*)

[3] There is no finding as to the value of the use and occupation of the land during the time plaintiffs had possession of it, and no evidence in the record upon this question, and appellants are urging their right to an allowance upon this item. In support of their right they cite the case of *Montgomery* v. *Meyerstein,* 186 Cal. 459, 465 [199 Pac. 800]. Respondent replies to this contention by stating that although the evidence showed, without contradiction, that about $800 had been expended by plaintiffs in an effort to cultivate the land, the trial court found that only $100 had been so spent, and, therefore, must have allowed $700 for the use and occupation of the land. Apart from the fact that there is nothing in the record to indicate that such a position was taken by the trial court, we

are also confronted with the discrepancy between the findings and the judgment with reference to this matter. The finding is that the plaintiffs are entitled to recover the $1,000 paid upon the purchase price of the land and also $100 expended in its cultivation, but the judgment, perhaps through inadvertence, is for $1,800. These portions of the record must be harmonized with each other. We might correct the judgment to make it conform to the findings, but we are powerless to make a finding of fact as to the value of the use and occupation of the land. [4] It is also to be observed that the plaintiff is entitled to recover interest upon the amount paid by her under the contract and this amount should enter into the calculations to be set forth in the findings.

The judgment is reversed with directions to the trial court to receive evidence solely upon the question of the value of the use and occupation of the land, and make a finding upon the same and upon the amount of interest due upon money paid by plaintiff and then enter judgment in accordance with the findings. It is so ordered and, also, that each party to this appeal shall bear his own costs.

Nourse, J., and Sturtevant, J., concurred.