[Sac. No. 4193. In Bank.—July 18, 1929.]

W. S. LOCKIE, Respondent, v. COOPERATIVE LAND COMPANY (a Corporation) et al., Appellants.

Barcroft & Barcroft and J. J. Coghlan for Appellants.

Neil Cunningham for Respondent.

RICHARDS, J.—Defendants appeal from a money judgment for $5,074 in favor of plaintiff and respondent, which judgment also decreed that the same should be a special lien under section 3050 of the Civil Code, and be prior to the lien of a mortgage of the defendants and Olcese and Buchenau, upon lots 670 and 671, containing forty acres of the Fairmead Colony No. 5 tract in Madera County, and further decreed that said property be sold to satisfy said judgment and lien. The order denying a motion for a new trial is also appealed from, the appeal being taken by the alternative method.

The amended complaint alleges the execution of a contract of sale on December 9, 1912 (recorded February 7, 1913), by the Cooperative Land & Trust Company, predecessor of defendant Cooperative Land Company, by which said company agreed to sell to plaintiff and R. E. Bradley said forty acres for $4,400, $1,100 to be paid down and four promissory notes for $825 each given for the balance of the purchase price, and upon completion of the payments, interest and taxes and surrender of agreement the purchasers were to receive a good and sufficient deed of said lots 670 and 671 with certificate of title. Soon after the making of the contract Bradley assigned his interest therein to plaintiff. At the time the agreement of sale was entered into defendants Olcese and Buchenau were the owners of the property, the Land Company not then having obtained title. Thereafter, on January 29, 1913, the property was conveyed with other property to said Land Company with a blanket mortgage back through one Jordan covering the lots here involved with other property, dated August 15, 1913, and recorded on August 19, 1913, subsequent to the recordation of plaintiff's contract on February 7, 1913. Olcese having died, his executors have been substituted as defendants in his place and stead, as also have Alida Buchenau, wife of defendant Herbert Buchenau and executrix of his estate, and Herbert J. Buchenau, for said Buchenau. The

mortgage encumbrance was renewed on November 7, 1921, by said Land Company in favor of said Olcese and Alida Buchenau, executrix, and the record shows that an action to foreclose said mortgage has been instituted and a *lis pendens,* which includes the property here involved, filed. The complaint alleges that the property is community property. The respondent made payments on account of principal, interest and taxes, as found by the court, in the sum of $5,074. On November 14, 1922, plaintiff tendered, and thereafter renewed said tender, of the sum of $612.52, the balance due under said contract of sale, and demanded a deed and certificate of title from said Land Company. The Land Company has failed to execute and deliver any deed or certificate of title as required by its contract of sale, apparently being unable to furnish a certificate of title free from the lien of the mortgage encumbrance. The plaintiff thereupon brought his action to recover the moneys paid to said Land Company under said agreement of purchase and sale, and seeks, by virtue of the provisions of section 3050 of the Civil Code, to have said judgment therefor declared a special lien upon the real property in question, but did not seek a rescission of said contract.

The complaint alleges that prior to final tender, and in May, 1922, said Cooperative Land Company falsely and fraudulently represented to plaintiff, through its agent and with intent to deceive and defraud plaintiff, and the trial court has found that plaintiff relied upon such false and fraudulent representation, that before said company could execute and deliver a deed of the property to respondent's wife, as respondent desired it to do, that it would be necessary for respondent and his wife to reassign or quitclaim all right, title and interest under the contract of December 9, 1912, and in and to said lots 670 and 671, to said Land Company, and that as a consideration therefor said Land Company would execute a certain new contract of sale covering the same property to plaintiff's wife and make the date of final payment December 9, 1922, and would upon such payment being made execute and deliver its deed and certificate of title to plaintiff's wife. The respondent and his wife were induced by such false and fraudulent representation, as found by the trial court, to execute such a quitclaim deed and the same was recorded on June 14, 1922.

Said Land Company has failed to execute a new agreement of sale to respondent's wife and has refused to execute and deliver a deed and certificate of title to said property, although it has been duly tendered the balance due under said contract of December 9, 1912. The trial court has found that the execution of the quitclaim deed by respondent and his wife was without any consideration whatever and induced by false and fraudulent representation. It has further found that the securing of said quitclaim deed from respondent and wife by the defendant Land Company was directed by the mortgagees to clear said property from the lien of respondent's contract of sale and in aid of their blanket mortgage. It is further found that it was not until August 1, 1926, that the respondent discovered that the representations inducing the making of the quitclaim deed were false and fraudulent.

Section 3050 of the Civil Code reads as follows: ''One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such a part of the amount paid as he may be entitled to recover back, in case of a failure of consideration,'' and is merely declaratory of an equitable principle in accord with authority, equity and justice.

Appellants do not seriously question that there may not be a difference between a rescission of a contract and an action to declare a lien under said section, and that a lien may be enforced without rescission, but argue that in this particular action all general rules of law and equity have been discharged. Counsel argue that as the only flaw in the title of the Cooperative Land Company was the mortgage held by Olcese and Buchenau, and the contract was binding on all the defendants, that respondent has made out a perfect case for the specific enforcement of a contract by plaintiff for the sale of real property, and that therefore there was no failure of consideration; that either such a case was not made out against all the defendants or that the respondent has misapprehended his remedy and should have brought an action for specific performance and paid the balance due on the purchase price into court so as to secure specific performance.

■ It is respondent's contention that relief may be granted without rescission and that it was not necessary for plaintiff to rescind or to restore or account for the prior use of the land; that the vendor having breached an executory contract the vendee may treat the vendor's breach as an abandonment and sue to recover what he had paid in an action for money had and received upon the theory that a payment of money under a contract to purchase creates a resulting trust to an equitable estate in the land to be purchased proportionate to the moneys paid and that the vendee has a purchaser's lien for the same under section 3050 of the Civil Code, which also extends to all moneys paid out for expenses, improvements, taxes, insurance, etc., and that such a lien may be enforced against a subsequent purchaser or mortgagee who takes with notice of the vendee's equity. (*Montgomery* v. *Meyerstein,* 186 Cal. 459 [199 Pac. 800]. Compare *Elterman* v. *Hyman,* 192 N. Y. 113 [127 Am. St. Rep. 862; 15 Ann. Cas. 819, 84 N. E. 937]; *Haile* v. *Smith,* 113 Cal. 656 [45 Pac. 872]; *Benson* v. *Shotwell,* 87 Cal. 49 [21 Pac. 249, 681]; *Harder* v. *Allred,* 61 Cal. App. 394 [214 Pac. 1017]; *Kane* v. *Ott,* 73 Cal. App. 124 [238 Pac. 126]; 39 Cyc. 2031, 2037; 16 Cal. Jur. 299; 25 Cal. Jur. 812.) *Montgomery* v. *Meyerstein, supra,* holds that section 3050 of the Civil Code may be availed of to enforce a lien for money paid under a contract to purchase real estate where there is a failure of consideration, but that the section is not limited to failure of consideration alone. While fraud is alleged in the present case, it is only incidental to the main contract upon which the moneys were paid and for which a judgment and lien are sought and relates to the procurement of a quitclaim deed of respondent's rights under said contract. Respondent also contends correctly that the decreeing of a lien under the facts of this case is in effect a rescission or at least a termination of the contract and sustains his argument by reference to and citation from an elaborate note found in 45 A. L. R., at pages 358 and 364. While there may be some technical legal question as to the right to an equitable lien where the contract is rescinded and possession lost, the weight of authority is that the right to an equitable lien is recognized where the vendee seeks to recover the amounts paid on the purchase price and a foreclosure of the lien thereof by reason of the failure of

the vendor to make title or where the vendor's title is defective, upon the equitable principle that by the contract and payments thereunder the vendee acquired in equity a corresponding proportional interest in the land. The respondent here is not repudiating the contract of December 9, 1912. His cause of action is rested upon a right springing from said contract of which the defendant mortgagees had both actual and constructive notice at all times herein, and they cannot therefore be regarded as innocent encumbrancers for value without notice, and the lien of whose mortgage the trial court has found and decreed upon substantial evidence to be inferior to the lien of respondent. Said contract exists for the purposes of the judgment in full force and effect by reason of the decree annulling said quitclaim deed, the execution of which the trial court has found was induced by fraud and was without consideration, and said contract is terminated by the decree herein. Said mortgagees having an interest in the controversy were proper parties defendant (sec. 379, Code Civ. Proc.) and are bound by the decree. It is also to be noted that no defense was interposed that respondent was in default under his contract or that the same had ever been forfeited or terminated.

Appellants urge certain deficiencies of allegation in the amended complaint which would support a cause of action against defendants based upon appellants' contention that respondent's action lies in rescission and that in fact respondent has rescinded his contract, at least in part, and still inconsistently retains possession, and that therefore section 3050 of the Civil Code does not apply. There seems to be no force in these contentions under the facts as developed in this case. It is further urged that certain findings are not supported by evidence and that certain other findings are contrary to the evidence and the judgment therefore void by reason thereof. ■ The findings are sufficiently supported by evidence for the purposes of this judgment and none are contrary to the evidence, and they sufficiently support the conclusions of law and the judgment.

The judgment is affirmed.

Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.