328 P.2d 1062

Merle C. MYHRE and Betty M. Myhre, husband and wife, Plaintiffs-Appellants,

v.

Jean M. STAPLES, a/k/a Jean M. Staples Wake; Marie Sharpe Pollock and Rex P. Pollock, husband and wife; Charles Ross Quick and Albert A. Johns, d/b/a Atlas Realty Co., a co-partnership, Spokane, Wash., Defendants-Respondents.

No. 8637.

Supreme Court of Idaho.

July 18, 1958.

Rehearing Denied Sept. 8, 1958.

Raymond T. Greene, Jr., Sandpoint, Fielding Ficklen, Spokane, Wash., for respondents.

Stephen Bistline, Sandpoint, Paul K. Cooney, Spokane, Wash., for appellants.

**KEETON, Chief Justice.**

Plaintiffs, appellants here, brought this action against defendant and respondent, Marie Sharpe Pollock, and others, to recover a down payment of $15,000, plus certain damages claimed, and the value of certain improvements constructed by them upon the property hereinafter described. None of the defendants, with the exception of Marie Sharpe Pollock, was served with process within the jurisdiction of the court. Defendant Pollock answered the complaint and the action was tried on issues joined.

At the conclusion of the evidence the trial judge made findings of fact and conclusions of law favorable to Mrs. Pollock. The facts as found are not here challenged. The question presented is whether the conclusions and judgment entered are supported by the findings.

In the spring of 1953, one Jean M. Staples owned, or claimed to own, Hillcrest Lodge in Coolin, Idaho. She listed the same for sale with the Atlas Realty Co. of Spokane, a copartnership. The partnership interested plaintiffs Merle C. Myhre and Betty Myhre in the purchase. Thereafter, Mr. Quick, one of the partners, together with plaintiffs, met the claimed owner Mrs. Staples, who in Quick's presence, showed the intended purchasers, appellants, the boundaries of the property and in so doing represented to them that the tract of land to be sold included a parcel of land which was, in fact, owned by the United States; also represented to them that sixty feet of valuable lake frontage was a part of the Hillcrest Lodge property and would be included in the sale, if made. The sixty feet of lake frontage was, in fact, owned by a man named Whelan. Later a deed from Whelan to defendant Mrs. Pollock covering the omitted part was executed and delivered. The land and lake frontage owned by the United States and Whelan was valuable and necessary to the successful operation of the lodge business.

Plaintiffs, after having inspected the property, signed an agreement, dated April 21, 1953, for the purchase of the property, both real and personal for the sum of $26,500. The Atlas Realty Co. was, in this agreement, described as agent for the

seller, Mrs. Staples. The purchase price was to be paid $500 down, $9,500 upon the closing of the deal, and $16,500 in installments of $1,200 per annum. This agreement was later superseded by a new contract, the subject matter of this suit, entered into between plaintiffs and Mrs. Pollock.

On April 30, 1953, plaintiffs deeded a home in Spokane, Washington to Mrs. Staples, the seller, and were given credit for $15,000 on the purchase price of the lodge, leaving a balance of $12,000 to be paid in semi-annual installments of $500 each, with interest.

The realty company interested defendant, respondent Mrs. Pollock, in financing the balance due on the purchase price of $12,000, and in furtherance of this plan Mrs. Staples transferred by deed and bill of sale the lodge property, both real and personal, to Mrs. Pollock, and a new contract was then entered into, in which Mrs. Pollock appeared as seller, and plaintiffs here as buyers. Mrs. Pollock then paid $12,000 to the Atlas Realty Company, agent of Mrs. Staples.

On May 7th, plaintiffs entered into possession of the lodge. In August they learned that the property had been misrepresented to them in many material particulars, and by written notice, dated November 4, 1953, advised all parties to the transaction, including Mrs. Pollock that they rescinded the contract, and offered to surrender possession. Action was then commenced by plaintiffs in the Superior Court, Spokane County, Washington, alleging fraud in the transaction, and demand made for the return of the consideration paid. The suit in Spokane was voluntarily dismissed as to Mrs. Pollock and was not prosecuted to judgment against the other parties. After determination of the Spokane suit, plaintiffs accepted a return of the keys to the lodge and again took possession.

Mrs. Pollock had previously demanded of Mr. Quick, that the $12,000 paid be returned to her, which demand was refused. The firm, after the dismissal of the action as to Mrs. Pollock, distributed the $12,000 and in doing so, paid off certain incumbrances outstanding against the lodge property and other expenses.

The new contract with Mrs. Pollock and other papers covering the transaction were, in July, 1954, placed in escrow in the First National Bank at Sandpoint, and plaintiffs signed the escrow instructions.

Plaintiffs failed to make the payments provided for in the contract with Mrs. Pollock, and a notice of forfeiture was served on them on July 27, 1954, allowing thirty days in which to make the delinquent payments then due. The payments were

not made and Mrs. Pollock then took possession of the property covered by the sales agreement.

While in possession of the lodge, plaintiffs made improvements thereon of the value of $2678.18.

Plaintiffs then brought this action for the relief above mentioned. The court held that the defendant Pollock was not a party to the fraud, did not participate therein, was guilty of no misrepresentation, and had no knowledge of any misrepresentations made by Mrs. Staples or others; had made no gain because of the fraud, and misrepresentations practiced by others; further that plaintiffs are not entitled to a rescission of their conditional sales contract entered into with Mrs. Pollock; that they were in default thereunder, and by reason of the default, plaintiffs had no interest in the lodge property.

From the judgment entered plaintiffs appealed.

In assignments of error appellants contend that they are entitled to a vendee's lien on the property to secure the payments made by them, claiming they were victimized by material misrepresentations; also in finding Mrs. Pollock was a bona fide purchaser for value in good faith and without notice.

It appears that after plaintiffs acquired knowledge of the alleged misrepresentations and fraud practiced on them by third parties, and after the lapse of more than a year, they signed escrow instructions to a bank covering the agreement of the parties. They did not make any demand of Mrs. Pollock to comply with the original contract entered into between plaintiffs and Mrs. Staples, nor did they pay the installments due on the contract.

Mrs. Pollock received no part of the purchase price, nor any payments made on the sale. The parties who allegedly defrauded appellants were not before the trial court for a determination of the rights of appellants as to any claim they might have against Mrs. Staples, or others. Cases cited by appellants to sustain their contention, Lockie v. Co-operative Land Co., 207 Cal. 624, 279 P. 428; Shepherd v. Dougan, 58 Idaho 543, 76 P.2d 442 and other authorities where the purchaser had notice of prior liens and incumbrances, or other valid outstanding claims, are not in point in the present situation. In fact no citation of authority sustaining appellants' position has been called to our attention.

Mrs. Pollock, purchaser from Mrs. Staples, had no notice of any outstanding claims or incumbrances, and the trial court, in our opinion, correctly held that she was an innocent purchaser for value and without notice, and her rights are superior to the claim made by appellants.

The contention of appellants that to permit Mrs. Pollock to acquire the property for $12,000 by reason of the forfeiture is unconscionable, is not sustainable.

There is no evidence of the value of the property sold at the time of the claimed forfeiture, or the trial. While the sale price fixed in the contract with Mrs. Pollock was named at $27,000, the actual value was not shown. Hence, the question of whether Mrs. Pollock should be limited in her recovery to actual damages will not be discussed or decided. If the property is of greater value than the interest of Mrs. Pollock, appellants could have protected themselves by making payments on the contract as the same became due.

The finding that appellants were victimized by the acts of Mrs. Staples and others, could not be used to furnish relief against one who acquired the property for value and without notice. Mrs. Pollock can only be made liable for failure to comply with the contract she entered into and could not be held for fraud in which she took no part. There is no showing that she did not perform the covenants contained in her contract with appellants.

We find no error. The judgment is affirmed. Costs to respondents.

PORTER, TAYLOR and SMITH, JJ., and GRAF, D. J., concur.