Coles v. Feeney.

GEORGE COLES and THEOPHYLACT B. BLEECKER, executors
&c. of Elizabeth U. Coles, deceased,

*v.*

JOHN P. FEENEY et al.

Bill by executors for specific performance of contract for sale of land made between testatrix as vendor and defendant as vendee. The subject of the contract was specifically devised by the will.—*Held*, (1) That it was immaterial, under the circumstances, whether the land in question was within the scope of a power of sale found in the will, or not, since (2) the right of the executors to enforce the contract did not depend on the existence of a power to sell. (3) That the purchasers were entitled to have the specific devisees made parties to the suit.

Heard on bill and answer.

The bill is brought for the specific performance of a contract for the sale of land by the testatrix to the defendant Feeney, on the 26th of December, 1891, by which the testatrix, in consideration of $3,000, agreed to convey to the defendant Feeney a tract of land in Jersey City, of which she was the owner, the conveyance to be completed on the 26th of January, 1892. The contract was signed by each of the parties.

Three days after the date of this agreement Mrs. Coles died testate of a will, by the first item of which she devised

"so much of my real estate situate in Jersey City in the State of New Jersey derived by me from my son William F. Coles lately deceased as at my decease *shall remain unsold* and shall not then be improved by dwelling-houses or other buildings."

This devise covers the land covered by the contract. She then made divers other bequests of money and devises of land other than that in Jersey City. The eighth item provided that

"in so far as may be needful or expedient for payment of the foregoing pecuniary legacies my executors are authorized to use the proceeds of any real estate of which I may die seized excepting such as is specifically devised under the provisions of the first, sixth, seventh and eleventh items of my will."

Coles v. Feeney.

By the twelfth item she disposes of the residue of her prop-erty to certain persons therein named. By the thirteenth item she appointed her executors and used this language:

"And I authorize my said executors or such of them as shall qualify and act and the survivor and survivors of them in their discretion and as soon as by them deemed or found to be necessary or advisable for payment of legacies for division or distribution or for other purposes of this my will to sell and con-vey at public or private sale any and all real estate of which I may die seized other than such as is specifically devised by the first, sixth, seventh and elev-enth items of this my will."

The bill alleges that shortly after the will was proven the executors tendered a deed to Mr. Feeney for the tract of land in question and demanded payment of the purchase-money, and that he declined, not on the ground that the deed was not ten-dered at the time fixed by the contract, but because the executors were unable to give a perfect title.

The defendant Feeney answers, and bases his refusal to com-plete the purchase solely on the ground of the inability of the executors to make a complete title in the absence of the devisees of the lot in question, who, being numerous, were not made parties.

*Mr. Edwin B. Williamson*, for the complainants.

*Mr. James P. Northrop*, for the defendants.

PITNEY, V. C.

I do not think the rights of the parties turn upon the ques-tion, so much discussed in the briefs, whether or not the land in question "remained unsold" at the decease of the testatrix, and because sold was not devised by her under the first item of her will, or whether she "died seized" of it in such sense as to bring it within the scope of the power of sale contained in the thirteenth item.

If this contract of sale was a valid contract, its effect was to work a conversion of the land from real to personal property. This it was in the power of the testatrix to do, notwithstanding

Coles *v.* Feeney.

her will, which was made before the date of the contract. Such conversion, if made, had the effect of taking the land out from under the operation of the first clause of her will and giving the proceeds of it to her residuary legatees and devisees as a ·part of her personal estate, and, in the absence of any power of sale, it seems to me entirely clear that the executors would have the right, and it would be their duty, to take proper proceedings to perfect the conversion by compelling the transfer of the legal ·title to the purchaser and obtaining from him the purchase-·money. *Miller* v. *Miller*, *10 C. E. Gr. 354.* In contemplation of equity, the title to the property vested in the purchaser as soon as the contract was executed and delivered, subject, however, to a lien in favor of Mrs. Coles for the unpaid purchase-money, and·that lien is capable of being enforced by her executors against the specific devisees of the particular land, even in the absence of any power of sale, by compelling them to convey to the purchaser and compelling the purchaser to pay to the executors the purchase-money.

This right of the personal representatives depends entirely upon the validity of the contract, and in order to enforce such right they must establish its validity as against either the heir-at-law or devisee, as the case may be. *Story Eq. Pl. 177 a; Fry Spec. Perf. § 115 (3d ed. § 190); Calv. Part. 293; Barb. Part. 397, 399; Roberts* v. *Marchant, 1 Hare 547; S. C., 1 Phil. 371.*

Again, if the contention of the executors be correct that the ·effect of the contract was to take the land out from within the scope of the first clause of the will and bring it within the scope of the power of sale given them by the thirteenth clause of the will, still that effect depends upon the establishment of the existence and validity of the contract against the specific devisees of the contract. So that, in any view to be taken, the executors' power depends upon the establishment of that contract as against the devisees under the first clause of the will, and they are not parties to the bill.

This view of the case shows that .the bill is defective in not making parties the several devisees under the first clause of the

will. If they had been made parties I should say the executors were entitled to relief. But it is manifestly unjust, and not in accordance with equity, to ask the purchaser to take a title the validity of which depends upon a nice question of construction, when it is within the power of the executors to eliminate all question and room for debate by making the specific devisees parties.

The case may stand over, to enable the executors to bring in those devisees if they shall be so advised. Otherwise, I will advise that the bill be dismissed.