## Morneweck, Appellant, *v.* Western & Southern Life Insurance Co.

*Insurance—Life insurance—Release—Evidence — Setting aside release.*

1. Where, in an action on a life insurance policy, plaintiff endeavors to set aside a written release, she can do so only by evidence which is clear, precise and indubitable, and by witnesses who are

18 MORNEWECK, Appel., *v.* WESTERN & S. L. INS. CO.

credible, who distinctly remember the facts to which they testify, and narrate the details exactly.

Ralston v. Philadelphia R. T. Co., 267 Pa. 257, followed.

Argued April 27, 1921. Appeal, No. 444, Jan. T., 1921, by plaintiff, from judgment of C. P. Crawford Co., Sept. T., 1920, No. 117, for defendant n. o. v., in case of Julia Morneweck v. Western & Southern Life Insurance Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Sadler, JJ. Affirmed.

Assumpsit on policies of life insurance.

Defendant set up a written release for an amount less than the policies. Plaintiff relied on her own testimony alone to set aside the release, without calling the subscribing witnesses.

The jury returned a verdict for plaintiff for $10,019.08.

The court entered judgment for defendant n. o. v., Prather, P. J., filing a written opinion in which he cited, Ralston v. Phila. R. T. Co., 267 Pa. 257. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Otto Kohler,* for appellant.

*Albert L. Thomas,* for appellee.

Per Curiam, May 26, 1921:

Plaintiff endeavored to set aside a written release. The court below ruled that the evidence depended upon did not measure up to the required standard, citing Ralston v. Phila. R. T. Co., 267 Pa. 257. After reading the notes of testimony, we are not convinced of error.

Judgment affirmed.