FREDERICK W. TRIPLETT, appellant,

*v.*

WILHELMINA B. IVINS, respondent.

[Decided September 30th, 1921.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, who filed the following opinion:

"By the bill filed herein complainant seeks a decree of specific performance against his vendor of a written contract for the sale of land with an abatement from the purchase price.

"By the terms of the contract defendant engaged to convey to complainant an insurable title free from encumbrances. At the time the contract was made [January 13th, 1920] both parties believed that defendant was the sole owner of the land. It has since been, ascertained that at that time defendant owned only a life estate in the land. The land was owned by one Steven W. Ivins, subject to the life estate of defendant. Shortly thereafter [January 30th, 1920] Steven W. Ivins died leaving a will and codicil wherein he directed that all of his real estate and personal property should be sold by his executors, and further directed that after payment of certain bequests therein named out of the proceeds of sales the balance of the proceeds should be equally divided between defendant and two other persons therein named.

"Accordingly, at the death of Steven W. Ivins, defendant enjoyed not only a life estate in the land which she had contracted to sell but by the terms of the Ivins will she became entitled to receive from the executors of Ivins one-third of the distributable proceeds of sale of the reversion when such sale should be made by the executors.

"The bill in this case was filed before a sale had been made by the executors and a *lis pendens* was at the same time filed; since then the executors of Ivins have made sale, pursuant to the directions contained in the Ivins will. Neither the executors nor the purchaser at the sale are made defendants herein.

"It is thus apparent that the utmost that at this time can be transferred by defendant to complainant, either voluntarily or by decree, and either presently or as of the date the bill and *lis pendens* were filed, is the life estate of defendant in the land, together with any right, interest or estate in one-third of the reversion, or its proceeds, which may have been acquired by defendant under the will of Steven W. Ivins.

"It should be here noted that defendant is not one of the heirs-at-law of Steven W. Ivins; her sole interest in the Ivins estate is under the will referred to.

"Touching the interest passing to defendant under the Ivins will it is contended on behalf of complainant that the provisions of that will directing the sale of the real estate and the distribution of one-third of the proceeds to defendant are not operative to work an equitable conversion of the real estate, by reason of the intervening rights of complainant under the contract, and that defendant as the beneficiary under the will of one-third of the proceeds of sale of the reversion will be deemed the legal owner of the fee in the undivided one-third of the reversion of the real estate, subject to the power of sale in the executors. It is accordingly urged that defendant's interest in the reversion under the will must be treated as real estate and not as personalty, and that, accordingly, specific performance of the contract of sale may be decreed for that one-third share.

"It seems clear that this contention cannot prevail in this state. The general rule has long been recognized in this state that where land is directed to be converted into money by the executors and the proceeds distributed in a manner designated by the testator, such proceeds are to be regarded as gifts of money to the distributees and not as devises of real estate. *Scudder* v. *Vanarsdale, 13 N. J. Eq. 109, 113; Fluke* v. *Fluke, 16 N. J. Eq. 478, 480; Cook* v. *Cook, 20 N. J. Eq. 375, 377; Hand* v. *Marcy, 28 N. J. Eq. 59, 65; Clark* v. *Denton, 36 N. J. Eq. 419; Brown* v. *Fidelity Trust Co. (New Jersey Chancery), 87 Atl. Rep. 222; Isenberg* v. *Rose (New Jersey Chancery), 99 Atl. Rep. 615; Cranston* v. *Westendorf (New Jersey Chancery), 108 Atl. Rep. 776.* And, in the circumstances stated, until the power of sale is exercised the legal estate descends to and vests in the heirs-at-law of the testator as tenants in common, such heirs taking the legal title charged with the trust created by the will. *Herbert* v. *Executor of Tuthill, 1 N. J. Eq. 141, 147; Bergen* v. *Bennett, 1 Cr. Cas. 1, 16; S. C., 2 Am. Dec. 281, 285; Gest* v. *Flock, 2 N. J. Eq. 108, 113; Berrien* v. *Berrien, 4 N. J. Eq. 37; Current* v. *Current, 11 N. J. Eq. 186; Fluke* v. *Fluke, supra; Todd* v. *Wortman, 45 N. J. Eq. 723, 725; Morse* v. *Hackensack Savings Bank, 47 N. J. Eq. 279; Bonnell* v. *Bonnell, 47 N. J. Eq. 540, 544; Moores* v. *Moores, 41 N. J. Law 440; Hopping* v. *Grey (New Jersey Chancery), 89 Atl. Rep. 27.*

"As already stated, defendant was not an heir-at-law of the testator; her sole interest in the estate of testator was the right under the will to receive a proportionate share of the proceeds of sale of the real and personal estate of testator when such sales should be made, there being first deducted from such proceeds the debts and legacies paid therefrom, if any.

"The rules above defined appear to be in strict accord with the English authorities upon the subject. In *Wms. Ex.* § *551* the rule is stated as follows: 'It is an established doctrine in courts of equity that things shall be considered as done which ought to have been done; and it is with reference to this principle that land is under some circumstances regarded as money and money as land. It was laid down by Sir Thomas Sewell, M. R., in *Fletcher* v. *Ashburner, 1 Bro. C. C. 497,* "that nothing was better established than this principle, that money directed to be employed in the purchase of land, and land directed to be sold and turned into money, are to be considered as that species of property into which they are directed to be converted; and this in whatever manner the direction is given, whether by will, by way of contract, marriage articles, settlement or otherwise, and whether the money is actually deposited or only covenanted to be paid, whether the land is actually conveyed or only agreed to be conveyed. The owner of the fund, or the contracting parties, may make land money or money land." It follows, therefore, that every person claiming property under an instrument directing its conversion must take it in the character which that instrument has impressed upon it: and its subsequent devolution and disposition will be governed by the rules applicable to that species of property.'

"A succinct application of the rule is to be found in *Elliott* v. *Fisher, 12 Sim. 505.* It is there pointed out that where the legal estate is not devised, but the executors or trustees are merely directed to sell and distribute the proceeds to children of the testator, the legal estate in fee necessarily passes to the oldest son as heir and not to the distributees; and that the interest of one of the distributees, though devised by the distributee as real estate, will pass to the executor of the distributee as personalty.

"In the present case there was no devise by testator of the

legal estate in fee; it accordingly passed to the heirs-at-law of testator, of whom defendant was not one, subject to the power of sale. It follows that the interest of defendant under the will of Steven W. Ivins must be treated as personalty, and, accordingly, cannot be reached by a decree of specific performance in the absence of special circumstances not here present.

"In *Comer* v. *Light* (*Ind.*), 93 N. E. Rep. 660, and on rehearing, 94 N. E. Rep. 325, it was held that the directions of a will for sale of real estate and distribution of the proceeds to persons named constituted the distributees as such owners of the land in such manner that a judgment against a distributee entered before sale automatically became a lien on the distributee's share, and that as against such intervening rights the doctrine of conversion would not be recognized. The views adopted in that case are clearly at variance with the established rules in this state. It seems clear that in this state the enforcement of such a judgment could only be against the distributive share as personalty.

"It follows that the largest measure of relief which can be afforded to complainant under a bill for specific performance is a decree for the conveyance of the life estate. The legal estate in fee complainant can never enjoy under any decree this court can make herein.

"Should complainant elect to take a conveyance of the life estate as of the date of the contract with an equitable abatement from the purchase price there appears to be no doubt of his right to do so. Professor Pomeroy states this right to be 'too strongly fortified, as well as founded on reason, to be successfully denied.' *Pom. Con.* (*Spec. Per.*) §§ 438, 439, and notes. This right has been enforced, even though the interest which can be conveyed is but a small part of that contracted for, such as an undivided fractional share; and in *Barnes* v. *Wood, L. R., 8 Eq. Cas. 424,* a life estate of defendant was decreed to be conveyed under a contract in which defendant engaged to convey the property in fee.

"A decree will be advised securing to complainant a life estate as of the date named. A reference may be had to a master to determine its value on the basis of the contract price as the value of an absolute estate in fee."

*Mr. John T. Cleary,* for the appellant.

*Mr. Lewis Starr,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Leaming.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—14.

*For reversal*—None.