## Flocker *v.* Sirlin, Appellant.

Argued April 27, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Barney Phillips,* and with him *J. I. Simon,* for appellant, cited: Lindemann v. Pittsburgh Railway Co., 251 Pa. 489; Van Orman v. Osborn Machine Co., 255 Pa. 47.

*C. Elmer Bown,* for appellee, cited: Keys Administratrix, v. Hanscom Bros., Inc., 288 Pa. 389; Horsey v. Ciaroro, 280 Pa. 513; Leonard v. Coleman, 273 Pa. 62.

Opinion by Linn, J., July 8, 1931:

Plaintiff sued for rent due by a lease on the back of which defendant became surety. It was not denied that rent was due. Defendant contended that his signature was obtained by fraud that allowed him to

set aside the contract. The learned trial judge gave binding instructions for the plaintiff in the amount due with interest, $618.14, on the ground that the evidence offered by defendant to set aside his contract was not clear, precise and indubitable within the rule applicable.

The lease and the contract of suretyship were executed on a printed form, the lease being signed on behalf of Flocker, lessor, by Henry C. Schwartz, his agent. The signatures of the lessor's agent and of the lessee were witnessed by H. I. Schwartz, and by Andrew J. Sirlin, who is the defendant. The contract which was printed on the back of the lease, was signed on the right half of the page, at the place for such execution, by defendant immediately alongside the word seal. On the left half of the page appears the following: "attest H. I. Schwartz," the signature of the same person who witnessed the signatures on the lease itself.

Defendant testified that he was asked by the lessee to accompany him to the real estate agent Schwartz's office, while he signed the lease, and that, while there, was asked to "witness the signature. As I witnessed the signature [on the lease] he turned it [the lease] over in this manner, and said, 'now I want you to witness my authority to act for Mr. Flocker who is out of town' and he [Schwartz] indicated the place I signed." Defendant stated that he did not read what was printed above his signature because "it was covered." Asked by the court "what do you mean by covered?" He replied "In this manner (indicating);" there is no explanation in the record of what was "indicated," but if we assume, as counsel in the argument seems to assume, that Schwartz had his hand, or part of it on the printed portion, we shall probably have the fact as defendant meant to describe it. Schwartz, the agent, denied that there was any concealment and

testified that he told defendant before signing that he was "security for the rent." H. I. Schwartz, who witnessed the defendant's signature, testified that Schwartz, the agent, said defendant is "going security" for the lessee. The lessee testified that he saw defendant sign the contract but did not remember whether there was anything printed above it. The defendant is a funeral director by occupation, having been engaged in that business seven or eight years; he had rented property from the same agent, and had signed leases, and could read. The applicable rule has been thus stated. "It is a familiar rule that, to set aside a release like the one in question, the evidence must be clear, precise and indubitable. The meaning of these words is fully explained and the authorities supporting the rule cited in the opinion by the present Chief Justice in Ralston et ux. v. Phila. R. T. Co., 267 Pa. 257, and need not be here repeated. The opinion writer there quotes with approval the language of Judge Rice in Baranski v. Wilmson, 56 Pa. Superior Ct. 153, that, 'When the terms clear, precise and indubitable are used, in defining the requisite proof of a particular fact to be made out by oral testimony, it is meant that it shall be found that the witnesses are creditable, that they distinctly remember the facts to which they testify, that they narrate the details exactly, and that their statements are true.' This is reaffirmed in Leonard v. Coleman, 273 Pa. 62, also in Morneweck v. Western & S. L. Ins. Co., 271 Pa. 17. Whether the evidence in such case meets the required standard that justifies its submission to a jury is a question of law." Miller's Estate 279 Pa. 30, 38. The evidence here does not measure up to what is required to escape the effect of his signing the contract.

Judgment affirmed.