## Hess v. Acacia Mutual Life Association

*F. R. Heuges*, for plaintiff; *Gordon Butterworth*, for defendant.

MacNEILLE, J., December 29, 1934.—We are considering motions by the plaintiff for a new trial and for judgment n. o. v.

Plaintiff, Edda M. Hess, is the beneficiary under a policy of life insurance in the defendant company on the life of Maurice Grant Hawkins, who died September 6, 1930. The defendant refused to pay the plaintiff, on the ground that the policy had lapsed at the date of death of the insured. The dispute between the plaintiff and defendant related, first, to the tender of the payment of the premium; second, the acceptance or nonacceptance of it; third, the reinstatement or nonreinstatement of the policy.

The plaintiff engaged counsel, Herman A. Becker, Esq., of the Philadelphia bar, who brought suit on January 16, 1931, in Court of Common Pleas No. 1. There were negotiations between the parties and their counsel, as a result of which this suit was settled April 21, 1931. By the terms of this agreement the defendant paid to the plaintiff $950 instead of the face of the policy, which was $10,000. Thereupon plaintiff executed a release to the defendant and had her counsel discontinue the suit. Two years later, to wit, May 5, 1933, the plaintiff engaged other counsel and brought the instant suit.

In this case, the defense rests upon the release. This release was executed by the plaintiff in the presence of her own attorney and in the absence of any of the defendant's agents. She is an intelligent woman, can read and write, and does not claim that she was coerced. The best that can be said for plaintiff's position is that she contends that the release is without force and effect because she signed it under a misapprehension as to the law on the subject. She does not rest on fraud, accident, or mutual mistake.

In Ralston et ux. v. P. R. T. Co. (No. 1), 267 Pa. 257, the Supreme Court, in a very exhaustive opinion on this subject, places the burden squarely upon the plaintiff to prove the facts on which he relies in setting aside a release beyond a reasonable doubt, by evidence which is clear, precise, and indubitable, and by witnesses who are credible. Plaintiff contends, however, that because in Ralston v. P. R. T. Co., supra, the damages were unliquidated there should be a distinction in favor of the instant case, because here the sum of $10,000 is fixed by the policy and that amount may not be discharged by the payment of a lesser sum. However, the decision in Ralston v. P. R. T. Co. was followed in Morneweck v. Western & Southern Life Ins. Co., 271 Pa. 17, which was an action on a life insurance policy wherein plaintiff, a woman, had given a release for an amount less than the policy, and in which the defendant relied upon the release.

Not only does the plaintiff fail to meet the burden of overcoming the release, but nowhere in the pleadings does she raise any question about it. In the statement of claim, she has rested her suit on the policy as a beneficiary thereunder and is silent as to the release. She has filed no reply to the affidavit of defense, which relies upon the release. Had she raised an issue as to the insufficiency of the release because of any unfairness to her on the part of the defendant, then there might be something to submit to a jury.

While plaintiff has not directed our attention to any Pennsylvania decision, our attention has been called to some decisions from other States. We have examined these decisions and find that in each of them there were averments of fraud or undue advantage in securing the release.

Biddlecom v. General Accident Assurance Co., 167 Mo. App. 581, 152 S. W. 103, is a Missouri case, but in that case there was evidence that the dispute was raised in bad faith on the part of defendant. The court said (p. 589):

" 'Compromises are favored in law. They tend to diminish litigation and promote the repose of society. Compromise agreements are upheld where the parties fairly suppose that their rights are doubtful.' . . . A compromise stands upon the same footing as other contracts; it must be fairly entered into and conducted by the parties who have a dispute as to their rights. If there be an actual dispute and the compromise is effected by a fair process of dealing, it is binding upon the parties. But if the dispute is not raised by one of the parties in good faith, and the settlement is procured by his false artifices and false representations, and the other, relying upon such representations, agrees to the proposed compromise in ignorance of his rights, the agreement is void. . . .' "

Another case cited by plaintiff, Tyler v. Odd Fellows' Mutual Relief Assn. et al., 145 Mass. 134, is of like tenor.

Northwestern National Life Ins. Co. v. Blasingame et al., 38 Tex. Civ. App. 402, 85 S. W. 819, is a Texas case cited by the plaintiff, but that case turned on the fact that the contention of the insurance agent was not made in good faith or on the belief that it was well founded, and under those circumstances a settlement so induced was not binding.

We have examined a number of other cases cited by the plaintiff, and in all we find similar distinctions. We think a plaintiff averring that a release should be set aside because it was procured by fraud or other unfair conduct is entitled to have a jury pass upon the questions of fact thus raised, but, as we have said above, the plaintiff has not raised such an issue by her pleadings or otherwise.

Wherefore, the motion for a new trial and the motion for judgment n. o. v. are dismissed.