[Civ. No. 16557.   Second Dist., Div. Three.   Apr. 1, 1949.]

EDWARD S. MILKES et al., Appellants, v. CHARLES E. SMITH, Respondent.

R. G. Akers for Appellants.

Cameron & Perkins for Respondent.

VALLÉE, J.—Plaintiffs and defendant about November 12, 1945, entered into a contract in writing consisting of escrow instructions whereby defendant agreed to sell and plaintiffs agreed to buy a parcel of real property for $4,250. Plaintiffs forthwith deposited $4,250 with the escrow holder. Defendant refused to perform and cancelled his instructions. Hence, this action for specific performance or, in the alternative, for damages.

At the trial it developed that defendant was the owner of an interest in the property acquired as a result of its sale for nonpayment of delinquent taxes. It also developed that one Douglas was the owner of the remaining interest in the property acquired as a result of foreclosure of street improvement liens. Defendant had unsuccessfully attempted to purchase the interest of Douglas. The court found that plaintiffs had fully performed the contract and that $4,250 was the fair and reasonable value of the property. It concluded that defendant and Douglas "became and are tenants in common in said real property, each being equally entitled to share in possession of the whole"; that "complete legal title is held by neither, nor does either hold a sufficient equitable title to compel the other to surrender his right as a tenant in common. . . . Hence, the contract of sale between plaintiffs and defendant . . . is incapable of specific performance and unenforcable. Thus plaintiffs' remedy for breach of the contract is for damages alone and not to order specific performance thereof compelling defendant to convey to plaintiffs such interest as defendant has in said property, with compensation to plaintiffs for such interest as defendant is unable to convey to plaintiffs." It also concluded that plaintiffs had been damaged in the sum of $250. Plaintiffs appeal from the judgment which followed.

Appellants seek to enforce specific performance of the contract to the extent of defendant's interest in the property.
It is settled that the respective interests of parties in the same property acquired by one at a sale for delinquent city and county taxes and another at a sale for delinquent special assessments levied by a city are those of tenants in common. Each owns an undivided half interest, subject to a lien in favor of each tenant against the entire property in the amount which he paid for his interest. (*Monheit* v. *Cigna,* 28 Cal.2d 19, 27 [168 P.2d 965, 167 A.L.R. 995].) This rule of law is conceded.

When it was disclosed at the trial that Douglas and respondent were tenants in common of the property appellants requested the court ''(1) to compel the respondent to convey to appellants all his interest as a tenant in common, and (2) to determine the abatement in the purchase price to which appellants were entitled by reason of respondent's inability to convey the whole of the property as he had agreed to do.'' The trial court refused to grant this relief to appellants.

The relief which appellants seek is within the power of the defendant to give and is not the relief which is barred by subsections (4) and (5) of section 3390, Civil Code. This section, in part, reads: ''The following obligations cannot be specifically enforced: . . . 4. An agreement to perform an act which the party has not power lawfully to perform when required to do so; 5. An agreement to procure the act or consent of the wife of the contracting party, or of any other third person; . . .''

It is well settled that where a vendor has no title or interest in the land he contracts to convey he cannot be required specifically to perform. The decree would be of no avail for equity will not compel him to obtain title. (*Miller* v. *Dyer,* 20 Cal.2d 526, 528-9 [127 P.2d 901, 141 A.L.R. 1428] ; *Title Guarantee etc. Co.* v. *Henry,* 208 Cal. 185 [280 P. 959] ; *Smith* v. *Bangham,* 156 Cal. 359 [104 P. 689] ; 25 R.C.L. § 48, p. 245.) Where the vendor is, however, the equitable owner of the property and has the right to call for the legal title, he may be compelled by the vendee to specifically perform the contract of sale. (*Miller* v. *Dyer,* 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428] ; *Farnum* v. *Clarke,* 148 Cal. 610 [84 P. 166] ; *Easton* v. *Montgomery,* 90 Cal. 307, 315 [27 P. 280, 25 Am.St.Rep. 123] ; *Hansen* v. *Hevener,* 69 Cal.App. 337 [231 P. 361] ; *McDonald* v. *Yungbluth,* 46 F. 836; *Miedema*

v. *Wormhoudt,* 288 Ill. 537 [123 N.E. 596] ; *Cutler* v. *Lovinger,* 212 Mich. 272 [180 N.W. 462] ; Pomeroy, Specific Performance of Contracts (3d ed.), p. 667; anno., 141 A.L.R. 1433.)

It is likewise well settled that if a vendor has *any* interest in the property he has contracted to convey, the vendee at his option may enforce the contract with respect to whatever interest the vendor possesses, and may also receive compensation for the deficiency in performance. (*Miller* v. *Dyer,* 20 Cal.2d 526, 529 [127 P.2d 901, 141 A.L.R. 1428] ; [vendor equitable owner of property] ; *Smiddy* v. *Grafton,* 163 Cal. 16, 18 [124 P. 433, Ann.Cas. 1913E 921] [property subject to a lien] ; *Smith* v. *Bangham,* 156 Cal. 359 [104 P. 689, 28 L.R.A.N.S. 522] [property subject to homestead] ; *Farnum* v. *Clarke,* 148 Cal. 610, 617-618 [84 P. 166] [vendor had an "inchoate equitable right"] ; *McCowen* v. *Pew,* 147 Cal. 299 [81 P. 958], and *McCowen* v. *Pew,* 18 Cal.App. 302 [123 P. 191] [vendor removed timber] ; *Quarg* v. *Scher,* 136 Cal. 406, 411 [69 P. 96] [deficiency in quantity] ; *Marshall* v. *Caldwell,* 41 Cal. 611 [vendor owner of undivided half of property] ; *Anderson* v. *Willson,* 48 Cal.App. 289, 294 [191 P. 1016] [deficiency in quantity] ; *Twisselmann* v. *Cohn,* 57 Cal.App.2d 987, 990 [136 P.2d 33] [defect in title] ; Pomeroy, Specific Performance of Contracts (3d ed.), p. 900 et seq.; Rest., Contracts, § 365; 49 Am.Jur. §§ 102, 105, pp. 119, 123; anno., 148 A.L.R. 563; see, also, *King* v. *Stanley,* 32 Cal.2d 584, 590 [197 P.2d 321].) Any conflict that may be said to have existed in the decisions as to the law in this state was composed by *Miller* v. *Dyer, supra,* 20 Cal.2d 526. (See 28 Cal.L.Rev. 492, 503-504.) The principle is stated in 49 American Jurisprudence, section 105, page 123, as follows: "In actions by a vendee for the specific performance of a contract for the sale of real estate, where it appears that the vendor is unable to make a complete or perfect title, or that there is a deficiency in the quantity of land contracted to be sold the general rule is that the vendee, if he so elects, is not only entitled to have the contract specifically performed to the extent of the vendor's ability to comply therewith by requiring him to give the best title he can or convey what he has, but he may compel the vendor to convey his defective title or deficient estate, and at the same time have a just abatement out of the purchase price for the deficiency of title, quantity, or quality of the estate to compensate for the vendor's failure to perform the contract in full. The vendee, in other words, may waive full performance and accept such title as the vendor is able to give,

and if he chooses to do so, he has a right to that and to an abatement, and the court will not hear the objection, by the vendor, that the purchaser cannot have the whole.''

The foregoing doctrine has been applied in numerous instances. (For examples, see collection of cases in 49 Am.Jur. § 105, p. 124, and Pomeroy, Specific Performance of Contracts (3d ed.), §§ 439, 440, 441, pp. 906, 908, 911.) This right of election on the part of the vendee to compel a partial specific performance of a contract has been applied in those cases where the vendor is the owner of only an undivided or partial interest in the property. The principle is enunciated in Pomeroy, Specific Performance of Contracts (3d ed.), § 439, p. 906, thus: ''When a person who owns only an undivided share of a tract of land enters into an agreement to sell the whole, as though he was the owner of the entirety, to a purchaser who is ignorant of any defect in the title, such vendee may compel a conveyance of the share which the vendor actually owns, and have compensation for the residue, or he may rescind the agreement at his election.''

One of the earliest cases in California applying the foregoing principle is that of *Marshall* v. *Caldwell*, 41 Cal. 611, where the vendor agreed to sell the whole of a certain tract. It subsequently developed he had only an undivided half interest in the land. The court said (p. 614): ''Upon the discovery by the vendee, that the plaintiff [vendor] held only the undivided half of the land, he was entitled to proceed at once to rescind the contract; but he was not obliged to adopt that course. He was entitled to proceed, as he has done in this case, to have the contract specifically enforced to the extent of the plaintiff's interest in the land. . . . The cross-complaint of defendant Forrest [vendee] is sufficient to entitle him to a judgment for a specific performance of the agreement, and in this respect it is sustained by the findings. The plaintiff does not controvert the position—and there is no doubt of its soundness—that if he is unable to perform the entire agreement, and can convey only an undivided half of the land, he may be compelled to convey that interest.'' For cases in other jurisdictions following this principle, see: *Moore* v. *Gariglietti*, 228 Ill. 143 [81 N.E. 826, 10 Ann.Cas. 560]; *Mellin* v. *Woolley*, 103 Minn. 498 [115 N.W. 654, 22 L.R.A.N.S. 595]; *McFarlane* v. *Dixon*, 176 Wis. 652 [187 N.W. 671, 48 A.L.R. 1]; *Wright* v. *Young*, 6 Wis. 127 [70 Am.Dec. 453]; *Triplett* v. *Ivins*, 93 N.J.Eq. 202 [112 A. 509,

115 A. 927]; *Bartee* v. *Matthews,* 212 Ala. 667 [103 So. 874];
*Keator* v. *Brown,* 57 N.J.Eq. 600 [42 A. 278]; anno., 154
A.L.R. 768; 10 Ann.Cas. 562.

The judgment is reversed with directions to determine the
abatement to which the plaintiffs are entitled by reason of
defendant's inability to convey the complete title and to decree
specific performance of defendant's interest in the property.

Shinn, P. J., and Wood, J., concurred.