17 N.J. Super. 407 (1952)
86 A.2d 305
PETER CRANE RIGHTER AND FEDERAL TRUST COMPANY, A CORPORATION OF NEW JERSEY, AS EXECUTORS OF THE LAST WILL AND TESTAMENT OF MARIE FISHER RIGHTER, DECEASED, PLAINTIFFS,
v.
THE FIRST REFORMED CHURCH OF BOONTON, NEW JERSEY, AND PETER CRANE RIGHTER, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 24, 1952.
*408 Messrs. Lindabury, Steelman & Lafferty (Mr. William Rowe appearing), attorneys for plaintiffs.
Mr. David Young, 3rd, attorney for defendant, The First Reformed Church of Boonton, New Jersey.
Mr. David Weinick, attorney for defendant, Peter Crane Righter.
STEIN, J.S.C.
Marie Fisher Righter died on May 15, 1951, leaving a last will and testament probated by the Surrogate of Essex County on June 8, 1951, in which she appointed the plaintiffs executors thereof. Her will provided, inter alia:
*409 "SIXTH: My property known as No. 563 & 563 1/2 Summer Avenue, Newark, New Jersey, (corner Delavan Avenue) I give and bequeath to my husband PETER CRANE RIGHTER, during his lifetime. He assuming the care of same and receiving the income therefrom. After his death it is to become the property of `THE FIRST REFORMED CHURCH' of Boonton, New Jersey, as an endowment fund in memory of my mother MRS. ANNA MARIE FISHER and myself MRS. MARIE FISHER RIGHTER.

* * * * * * * *
EIGHTH: All the rest, residue and remainder of my estate both real and personal, whatsoever and wheresoever situate, I give devise and bequeath to my dear husband PETER CRANE RIGHTER."
When the will was executed by testatrix on October 30, 1942, she was the owner of the premises 563 and 563 1/2 Summer Avenue, Newark, the premises mentioned in the sixth paragraph of her will. On April 10, 1951, testatrix and her husband entered into a written agreement with one Henry A. Bodine for the sale of the premises for the sum of $12,500. The agreement provided that title close on June 1, 1951. On April 12, 1951, testatrix and her husband executed a deed to the purchaser Henry A. Bodine and delivered it to Charles W. Kaiser, the broker who effected the sale, and at the same time gave to the said Charles W. Kaiser a written authorization to close title to said premises and to collect the balance of the purchase price. Testatrix having died prior to the closing, plaintiffs as executors brought appropriate proceedings in the Probate Division of the Essex County Court for the fulfillment of testatrix's contract. On July 24, 1951, judgment was entered in that court directing the executors to fulfill the contract. Title was closed and the balance of the purchase price paid to the executors.
Plaintiffs, by their complaint, seek construction of the sixth paragraph of the will and instruction as to the disposition of the balance of the purchase price.
It has long been established in this State that a conveyance by a testator after the execution of his will, of the lands specifically devised therein operates as a revocation of the devise. Hattersley v. Bissett, 51 N.J. Eq. 597, 29 A. 187 (E. & A. 1893); Heinen v. Stubenrauch, 106 N.J. Eq. *410 300, 150 A. 687 (Ch. 1930). In Hattersley v. Bissett, supra, Mr. Justice Depue speaking for the Court of Errors and Appeals held:
"By the common law an absolute conveyance of lands which were specifically devised, made after the execution of the will, operated as a revocation of the devise, for in such case the devisor does not die seized, and his alienation after making the devise is conclusive evidence of a change of intention with regard to such testamentary disposition. * * * So inflexible was this rule of the common law, that if the testator subsequently aliened lands devised and afterwards acquired a new freehold estate in the same lands, such newly-acquired estate would not pass by the devise. * * * In the latter respect the law has been changed in England * * * and in this state * * * the effect of which is to make a general or specific devise of lands operative to include lands acquired subsequent to the making of the will. * * * Except as modified by statute, the common-law rule is in force and rests upon the principle that the subsequent alienation of the property devised evinces a change of mind on the part of the testator, and is therefore a revocation of the devise; or, to speak with more accuracy, the testator having aliened the lands in his lifetime, has not at his death any estate therein to pass to the devisee by his will. To adopt the language of Lord Hardwicke, the conveyance after the making of the will `is a revocation, because the estate is gone and the will has lost the subject of its operation.'"
"In equity, upon an agreement for the sale of lands, the contract is regarded, for most purposes, as if specifically executed. The purchaser becomes the equitable owner of the lands, and the vendor of the purchase money. After the contract, the vendor is the trustee of the legal estate for the vendee. * * * Before the contract is executed by conveyance, the lands are devisable by the vendee, and descendible to his heirs as real estate; and the personal representatives of the vendor are entitled to the purchase money." Haughwout and Pomeroy v. Murphy, 22 N.J. Eq. 531 (E. & A. 1871). The doctrine of equitable conversion has been followed by our courts to the present time. See Miller's Administrator v. Miller, 25 N.J. Eq. 354 (Ch. 1874); Coles v. Feeney, 52 N.J. Eq. 493, 29 A. 172 (Ch. 1894); In re Mains' Estate, 87 N.J. Eq. 287, 99 A. 622 (Prerog *411 1917); Hanson v. Levy, 141 N.J. Eq. 103, 56 A.2d 411 (Ch. 1947); Courtney v. Hanson, 1 N.J. Super. 322, 61 A.2d 274 (Ch. Div. 1948), affirmed 3 N.J. Super. 47, 65 A.2d 530 (App. Div. 1949).
The reasons for the rule as laid down in Hattersley v. Bissett, supra, are equally applicable to an executory contract, so that, whether a testator disposes of the devised lands by absolute conveyance or by a valid executory contract the result is the same, the specific devise in the will is extinguished either by revocation or ademption. In the case, In re Cooper's Estate, 95 N.J. Eq. 210, 123 A. 45 (E. & A. 1923), the Court of Errors and Appeals defined the scope of the doctrine of ademption as follows: "A legacy which is specific is adeemed when the particular thing given is wholly lost or destroyed; or is disposed of by the testator during his life; or is so altered by him in its form as to indicate a change of testamentary purpose on his part, an intentional partial revocation of his will." I perceive no reason why the same rule should not apply to specific devises. In the instant case the property devised in the sixth paragraph of the will was disposed of by testatrix by its conversion from realty to personalty, and so the devise is held to have been adeemed.
The balance of the proceeds of the sale passes under the residuary clause of the will to testatrix's husband, Peter Crane Righter.