24 N.J. Super. 361 (1953)
94 A.2d 525
EDWARD E. BUTTERER, PLAINTIFF,
v.
ANTHONY SANTORO AND MILDRED SANTORO, HIS WIFE, AND EMMETT D. TOPKINS, TRUSTEE FOR MILDRED SANTORO, BANKRUPT, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 15, 1953.
*362 Mr. Nicholas F. Gallicchio, attorney for plaintiff.
Mr. George Pellettieri, attorney for defendants Anthony Santoro and Mildred Santoro.
Mr. Clyde C. Jefferson, attorney for defendant Emmett D. Topkins, trustee.
*363 EWART, J.S.C.
February 1, 1951 the defendants Anthony and Mildred Santoro, by an indenture in writing, leased to the plaintiff property at 66 Bridge Street in the City of Lambertville for a term of one year from that date. The property consists of a two-story building, the first floor of which is occupied as a bakery and the second floor of which consists of an apartment. The written lease contained the following option:
"It is agreed by the parties hereto that the said Edward E. Butterer shall have the option to purchase the entire lot, premises and the dwelling thereon, No. 66 Bridge Street, Lambertville, N.J., during the term of this lease, for a price of Ninety-two Hundred ($9,200.00) Dollars."
The complaint alleges that prior to February 1, 1952, and during the term of the lease, plaintiff attempted to exercise the option to purchase by notifying the defendants of his desire to do so and tendered the defendants the full purchase price mentioned in the option and demanded deed for the premises, but that the defendants had refused to execute and deliver such deed. This suit seeks the specific performance of the option.
The complaint discloses that on February 6, 1952 the defendant Mildred Santoro was adjudicated a voluntary bankrupt and on March 5, 1952 the defendant Topkins was appointed trustee in bankruptcy for her and that the trustee duly qualified as such and is now serving in that office.
Defendant Topkins as trustee has filed an answer in which he joins in the demand of the plaintiff for judgment and offers to join in the conveyance to the plaintiff.
It appears by certain affidavits filed that Mr. and Mrs. Santoro hold title to the premises as tenants by the entirety and that there are certain judgments of record against her.
The defendants Anthony and Mildred Santoro have not answered, but make motions as follows, viz.:
(1) Motion by the defendants to dismiss the suit because the complaint was prematurely filed.
*364 (2) Motion to dismiss Topkins, trustee in bankruptcy, as a party defendant on the ground that he has no interest in the subject matter of the suit and is not a proper party.
As to the first motion, defendants Santoro filed an affidavit stating in substance that on January 29 they entered into an agreement with the plaintiff which provided that the option feature of the lease should be extended for an additional period of four months and that title should be delivered to the plaintiff on or before June 1, 1952. Copy of the so-called agreement extending the option is annexed to the affidavit and discloses that it is a unilateral agreement signed by the Santoros but not by the plaintiff, and the plaintiff denies having made such an agreement. The defendants Santoro do not deny that the plaintiff attempted to exercise his option and tendered performance on his part prior to February 1, 1952.
Under those circumstances, I conclude that this suit for specific performance, the complaint in which was filed May 6, 1952, was not prematurely filed and the motion to dismiss the suit on the ground mentioned is accordingly denied.
As to the second motion, viz. to dismiss Topkins, trustee in bankruptcy, as a party defendant: Defendants argue with considerable force and with ample citation of authority that during coverture an estate in lands by the entirety is not reachable by execution on a judgment against either spouse alone since they are seized of the whole, and not of a moiety, or share, for each is seized per tout et non per my, and, in contemplation of law, there is but one estate held by one person, and that a trustee in bankruptcy of one of the two tenants who hold an estate by the entirety is not entitled, during the lifetime of the other tenant by the entirety, to any part of the property held by husband and wife together as tenants by the entirety. Also, that either the husband or the wife can convey title free from judgments and the effect of the bankruptcy proceedings against the other and free *365 from any contingent interest or ownership by the trustee in bankruptcy.
The plaintiff and the trustee in bankruptcy answer by saying that, conceding the correctness of the position taken by the defendants Santoro, that legal principle has no application to the case at bar for the reason that the written option, taken together with the plaintiff's determination to exercise the option and his notification to the Santoros of that determination, constitute an executory contract for the sale of lands; that an executory contract for the sale of lands works an equitable conversion since equity regards things agreed to be done as actually performed and treats the vendor as holding the land in trust for the purchaser and the purchaser as a trustee of the purchase price for the vendor. And that it is a well established rule that pending the completion of an enforceable executory contract for the sale of land, the land is regarded in equity as converted into personalty from the time of the execution of the contract. Such would seem to be the established rule. 19 Am. Jur., page 15, section 15. Miller v. Miller, 25 N.J. Eq. 354 (Ch. 1874); Coles, etc., executors v. Feeney, 52 N.J. Eq. 493 (Ch. 1894); Triplett v. Ivins, 93 N.J. Eq. 202 (Ch. 1921); Stockfleth v. Britten, 105 N.J. Eq. 3 (Ch. 1929).
New Jersey does not recognize a tenancy by the entirety in personal property. Central Trust Co. v. Street, 95 N.J. Eq. 278 (E. & A. 1923); Annotation 8 A.L.R., page 1022; Annotation 117 A.L.R., pages 922-924.
And the same rules appear to apply in the State of New York. 117 A.L.R., page 923, cites the case of In re Maguire, 161 Misc. 219, 291 N.Y.S. 753 (Surr. Ct. 1936), affirmed 251 App. Div. 337, 296 N.Y.S. 528 (App. Div. 1937), affirmed without opinion 277 N.Y. 527 (Ct. App. 1938), 13 N.E.2d 458, where a husband and wife owning real estate as tenants by the entirety contracted to sell it and before the date fixed in the contract for the transfer of title, the wife died. It was held that their interests in the contract were as tenants in common and not as tenants by the *366 entirety, since the law in New York does not recognize the possibility of a tenancy of this nature in personal property.
I conclude that the determination of the plaintiff to exercise his option to purchase the premises in question, and his notification to the defendants of that determination and his tender of performance, together constituted a valid executory contract for the sale of lands; that in equity the making of such contract worked an equitable conversion by which the interests of Mr. and Mrs. Santoro were converted into personalty; that in this State there is no such thing as an estate by the entirety in personal property; that the interests of the Santoros in the proceeds of the contract of sale is held by them as tenants in common; and that Mrs. Santoro's interest as a tenant in common in the purchase price of said real estate is a chose in action, title to which passes to the trustee in bankruptcy. It necessarily follows that the trustee in bankruptcy is a proper party in interest in this suit and that the motion to dismiss the trustee as a party defendant should be and is denied.