[S. F. No. 19434. In Bank. Mar. 22, 1956.]

HAROLD B. LEVY et al., Respondents, v. C. LeROY
WOLFF, Appellant.

Breed, Robinson & Stewart, Hoey, Hall & Conti and Ned Robinson for Appellant.

Edmund S. Barnett for Respondents.

McCOMB, J.—Defendant appeals from a money judgment for plaintiffs based on findings to the following effect: Plaintiffs paid to defendant $16,500 cash for certain unimproved real property in Contra Costa County together with a lease thereof. Both parties honestly believed the lease to be in existence, but in proceedings instituted by a third party in which the plaintiffs were defendants it was found that said lease had never been binding or in force. In that action, these plaintiffs were, however, held entitled to recover from the tenants the sum of approximately $4,400, being the reasonable rental value for the period of the tenants' occupancy. Plaintiffs incurred expenses in connection with that action in the sum of approximately $1,100, including costs and counsel fees.

The judgment appealed from here awarded plaintiffs as damages the diminution in the value of the property because of the nonexistence of the lease in the sum of approximately $5,800, less the net amount recovered in the other action, being the difference between the rent recovered by plaintiffs from the tenants and the expense incurred by plaintiffs in making that recovery.

Defendant contends:

*First*, that if the decision was based on honest mutual mistakes he could not be liable for damages and that if there was partial failure of consideration, plaintiffs had, in accordance with section 1728, subdivision 2, of the Civil Code (relating to the destruction of goods, contracted to be sold) the election, either to rescind the contract, or to uphold it and to pay the full price, the contract being indivisible.

This contention is erroneous. ■ A person who has paid money to another as full performance of a contract voidable by the payor for mistake and who has received a part of the agreed exchange is entitled, at his election, to keep what he has received and to have restitution of so much of his payment as has not been compensated for by the other's part performance. (Rest., Restitution (1937), § 25, p. 113; *Butte Creek Consol. Dredging Co.* v. *Olney*, 173 Cal. 697, 705 et seq. [161 P. 260]; *cf. Quarg* v. *Scher*, 136 Cal. 406, 411; *Anderson* v.

*Willson,* 48 Cal.App. 289, 294 [191 P. 1016] ; *Milkes* v. *Smith,* 91 Cal.App.2d 79, 82 [204 P.2d 419].)

In *Milkes* v. *Smith,* 91 Cal.App.2d 79, at 82 [4] [204 P.2d 419], it is said: ''if a vendor has *any* interest in the property he has contracted to convey, the vendee at his option may enforce the contract with respect to whatever interest the vendor possesses, and may also receive compensation for the deficiency in performance.''

No good reason appears why the same right to compensation for a deficiency in performance should not apply when an action for insufficiency takes place without action for specific performance.

 Section 1728 of the Civil Code on which defendant relies, is a rule applicable in the case of destruction of personal property, contracted to be sold. It is not applicable in this case, in which the contract relates to real property which has not been destroyed.

 *Second,* that the trial court should not have taken into consideration in computing the damages the sum of $1,109 which plaintiffs incurred in the prior action instituted by a third party to cancel the lease which plaintiffs and defendant believed was upon the property.

This contention is likewise not sound. The trial court found, supported by substantial evidence, that the portion of plaintiffs' payment that was not compensated for because of the nonexistence of the lease was $5,800. From that amount the trial court deducted the ''net advantage'' to plaintiffs from the rent they recovered from the third party. In computing this ''net advantage'' the trial court subtracted from the $4,400 judgment the $1,100 costs and fees expended by the plaintiffs. Thus the trial court awarded them $5,800 less the difference between $4,400 and $1,100 or approximately $2,500. This sum clearly represented the amount plaintiffs were out of pocket because of the nonexistence of the lease. It is fair and just that in the calculation of compensation due plaintiffs, defendant is entitled to the deduction only of the net advantage which plaintiffs obtained from the property in connection with the ostensible lease. It is thus immaterial whether the costs which diminished the advantage were costs of suit, execution, or other costs.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.