## Pennsylvania Water & Power Co. v. Garver

*Hull, Leiby & Metzger,* for plaintiff.

*Metzger, Wickersham & Knauss* and *Earnest & Torchia,* for defendants.

HERMAN, J., August 4, 1958.—This case comes before us on preliminary objections to plaintiff's complaint in equity seeking specific performance of an option contract to purchase land.

Plaintiff on September 4, 1953, filed its complaint in equity against defendants, in which, as far as is material here, it set forth the following facts.

Simon P. Garver by deed dated April 1, 1916, became the owner of a farm situate in Derry Township, Dauphin County; that he then died intestate, June 29, 1940, leaving to survive him as his only heirs at law, three children, Ammon A. Garver, who is the same person as Ammon Garver, Ray A. Garver and Sara Garver Erb, who with their respective spouses and with Ammon A. Garver, as administrator of the estate of Simon P. Garver, to whom letters were granted on July 31, 1940, are defendants herein.

Ammon Garver and Stella A. Garver, his wife, for some years prior to the death of Simon, and continuously since his death, have held possession of and have operated the entire farm.

During the autumn of 1943, upon the agreement of all the individual defendants herein, the farm was put up for public sale, at which Ammon Garver and Stella A. Garver, his wife, were the highest bidders, their bid being $12,950. Immediately following the said auction, a written agreement of sale was entered into between the individual defendants as sellers, and Ammon Garver and Stella A. Garver, his wife, as the purchasers, under which the individual defendants

agreed to sell and convey the farm to the said Ammon Garver and Stella A. Garver. Prior to December 30, 1943, a deed was prepared conveying the said farm to Ammon Garver and Stella A. Garver, his wife, and Ammon Garver prepared checks for his brother and sister in amounts sufficient to pay to them their net share of the estate of their father, including the farm in question, but because of differences among them concerning rents allegedly due from Ammon Garver for his occupation of the farm, the deed was never executed.

On August 10, 1951, Ammon Garver and Stella A. Garver executed and delivered to plaintiff an option agreement under the terms of which Ammon and his wife granted to plaintiff for $25 an option to purchase in fee for $3500, on or before April 1, 1952, a strip of land 250 feet in width through the aforementioned farm, the exact description of which was established later according to the terms of the option agreement. Ammon Garver at this time, and prior thereto, represented and warranted to plaintiff that he and his wife were the fee simple owners of the premises.

The farm was assessed for tax purposes for 1951 in the name of Ammon Garver and Stella A. Garver, his wife, in the sum of $7,500, one-half thereof being allocated to building and one-half to land. The option was extended on March 12, 1952, to October 1, 1952, by agreement of the parties to it, but nevertheless, it was exercised by plaintiff prior to April 1, 1952, who then reaffirmed the exercise thereof in writing on September 29, 1952, expressing at this later date its readiness to consummate the transaction at any time upon tender of a deed as required by the option.

In reliance on the option agreement duly extended and on the acceptance of notice and waiver of tender executed by Ammon Garver and Stella A. Garver, his

wife, and on the further reliance of the continuing assurance of Ammon Garver and Stella A. Garver that they were the equitable owners of the farm, plaintiffs at great expense erected on the said strip a portion of a transmission line for the transmission of electric power, and further granted to Metropolitan Edison Company the right to construct a second transmission line, which at the time of filing the complaint was nearing completion.

Plaintiff was at all times ready, willing and able to pay over to Ammon Garver and Stella A. Garver, his wife, the full consideration provided for in the option, upon execution and delivery by them to plaintiff of a deed conveying to plaintiff a good and marketable title in fee simple, free and clear of liens and encumbrances, but in spite of repeated requests by plaintiff, Ammon Garver and Stella A. Garver have failed and refused to assert and enforce against the other defendants their right to demand and receive a deed for the farm in fee simple.

The strip of land in question is an essential part of the land required by plaintiff for the maintenance of its transmission line and the line of Metropolitan Edison Company. Both companies have expended large sums of money on the lines.

These were the relevant facts pleaded in the complaint, and that pleading had attached to it as exhibits, the option agreement, the extension of the option, the written exercise of the option and the acceptance of notice and waiver of tender, but there was not attached any agreement between Ammon Garver and Stella A. Garver, his wife, and the other defendants, for the purchase by Ammon Garver and his wife of the farm, nor was there attached the deed from Ray A. Garver and Margaret E. Garver, his wife, and Sara Garver Erb and Christian S. Erb, her husband, to Ammon

Garver and Stella A. Garver, his wife, nor the checks which were mentioned in the complaint.

Ammon Garver and Stella A. Garver filed an answer to the complaint, but Ray A. Garver and Margaret E. Garver and Sara Garver Erb and Christian S. Erb filed preliminary objections, which are in the nature of a demurrer, and which also raise the objection that copies of the agreement of sale between all defendants, the deed and the checks should have been attached to the complaint.

On a demurrer, "defendant admits all relevant facts sufficiently pleaded in the complaint, and all inferences fairly deducible therefrom": Goodrich-Amram Civ. Pract. §1017(b)-11. See also Adams v. Speckman, 385 Pa. 308 (1956), in which Mr. Justice Bell states:

"We approach this case in the light of the well settled principles set forth in Gardner v. Allegheny County, 382 Pa. 88, 94, 114 A. 2d 491: '. . . "preliminary objections admit as true all facts which are averred in the bill of complaint but not the pleaders' conclusions or averments of law": Narehood v. Pearson, 374 Pa. 299, 302, 96 A. 2d 895. Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: London v. Kingsley, 368 Pa. 109, 81 A. 2d 870; Waldman v. Shoemaker, 367 Pa. 587, 80 A. 2d 776.'"

Upon the facts as pleaded and outlined herein, which must be taken as true for the purpose of this opinion, we believe that the complaint sets forth a legally sufficient cause of action in equity for specific performance, and that Ray A. Garver and Margaret E. Garver, his wife, and Sara Garver Erb and Christian S. Erb, her husband, are proper parties.

We must assume from the pleadings, that although when they executed the option contract, Ammon Garver and Stella A. Garver did not have the legal title to the entire farm, Ammon owned a one-third interest in fee; and he and his wife held equitable title to the entire tract.

An equitable title has been defined as the present right to the legal title, and it has long been recognized in Pennsylvania that when an agreement to purchase real estate has been entered into, the purchaser becomes the owner in equity by virtue of the agreement, subject only to the payment of the purchase price: Siter, James & Co's Appeal, 26 Pa. 178; City of Philadelphia v. Myers, 102 Pa. Superior Ct. 424 (1931); Butler County Commissioners' Petition, 141 Pa. Superior Ct. 597 (1940).

While our attention has been called to no Pennsylvania cases directly in point, and we have found none, American Jurisprudence (49 Am. Jur., Specific Performance, §100, p. 118) had this to say of a situation such as the present one:

"While a decree of specific performance will not be granted against the vendor in a land contract who has *no* title to the property in question, . . . if the vendor in the contract which the plaintiff seeks to enforce is the equitable owner or has *equitable title*, and has the right to call for the legal title, he may be required specifically to perform at the suit of his vendee. Thus, as a general rule, specific performance will be enforced against one who has the equitable title to or interest in the land by virtue of an executory contract of the holder of the legal title to convey to him, . . .

"Under these circumstances it is generally held that specific performance will be enforced either against the vendor in the contract with the plaintiff alone, . . . or by joining the holder of the legal title as party defendant." (Italics supplied). To the same effect is

Miller v. Dyer, 20 Cal. 2d 526, 127 P. 2d 901; Milkes v. Smith, 91 Cal. App. 2d 79, 204 P. 2d 419.

The only case pertinent to this point, called to our attention by defendants, is Mechanick v. Duschaneck, 99 N. J. Eq. 86, 132 Atl. 854, in which the subvendee sought specific performance of the contract between the owner and his vendee, a contract to which the subvendee was not a party and without claiming against the vendee. The court refused the demand for specific performance, but said:

". . . the complainant ought not be put out of court. He may have an equity which he is entitled to enforce. There is authority for maintaining a suit by a subvendee against the owner to compel him to perform his contract with his vendee, and in the same suit to compel the complainant's vendor to specifically perform his contract."

Concerning the objections that copies of certain papers were not attached to the complaint as required by Pa. R. C. P. 1019(h), we believe that under the Rules of Civil Procedure the purpose of the pleading is to apprise the opponent sufficiently of what he will have to meet at the trial or to put him on notice as to what the pleader intends to prove. It is our judgment that plaintiff has done this in the instant case.

It seems obvious that plaintiff, who was not a party to any of the papers in question, would normally not have copies of them available to it, and so could not attach them. On the other hand, defendants who complained were parties to them and would normally have copies thereof. Further, it seems to us that the claim here is not based upon these papers, but upon the option agreement, a copy of which is attached to the complaint.

Evidentiary matters need not be annexed, and these papers appear to us to fall into that category. See

Moyer v. Kline, 2 D. & C. 2d 647 (1955), where a real estate broker was suing for his commission and had failed to attach to his complaint a copy of the agreement of sale for the property he had sold. The court held that his claim was on his oral employment contract and that the agreement of sale was merely a condition precedent to his right to recover, and a copy need not be attached. See also Back & Levin, 5 D. & C. 2d 277 (1955); Quick v. Lichtenwalner, 84 D. & C. 546 (1952); U. S. Fidelity & Guaranty Co. v. Yoachim, 26 Lehigh 357 (1955).

It is significant to note that defendants, Ammon Garver and Stella A. Garver, his wife, in their answer admit, among other things, that they were the highest bidders at a public auction sale of the farm, and that all of defendants entered into an agreement of sale of the farm to them, that the deed and checks, as alleged, were prepared and that they desire to convey according to the option agreement as soon as they are able to do so.

As pointed out in Moyer v. Kline, supra, so is it true in the instant case, if the papers in question are important to the defense, then defendants may attach them to their answer.

Although defendants made no further reference to it in their brief or argument, they did, in their preliminary objection, state that plaintiff failed to aver facts which would take the case out of the statute of frauds. In answer to this objection, it is sufficient to point to rule 1030 which specifically provides for the raising of this defense in new matter and not in preliminary objections.

Defendants, also, as the last item in their preliminary objections, complain that plaintiff has failed to exercise its statutory remedy of condemnation. This objection was not supported in their brief nor argu-

ment, and may, therefore, be assumed to have been abandoned. However, we are of the opinion that whatever right to condemnation plaintiff may have, it is not such a full, complete and adequate remedy which would oust equitable jurisdiction. See Collegeville Borough v. Philadelphia Suburban Water Company, 377 Pa. 636, 646 (1954) ; Hunter v. McKlveen, 353 Pa. 357, 361 (1946) ; Peoples-Pittsburgh Trust Company v. Saupp, 320 Pa. 138, 145 (1936).

For the reasons herein stated, the preliminary objections must be overruled, and accordingly, therefore, we enter the following

### Order

And now, to wit, August 4, 1958, the preliminary objections in the nature of a demurrer and the motion to strike off are overruled. Leave is herewith granted to defendants, Ray A. Garver and Margaret E. Garver, his wife, and Sara Garver Erb and Christian S. Erb, her husband, to file an answer within 20 days of this date.